WILLIAM WAKEFIELD

*v.*

ROBERT VANTASSELL.

*Opinion filed December 20, 1905.*

1. EJECTMENT—*who is within meaning of Occupying Claimant's act.* The Occupying Claimant's act (now sections 52 to 61 of the Ejectment act) applies only to a defendant evicted from land for which he can show a plain, clear and connected title in law or equity, deduced from the record of some public office, without actual notice of an adverse title in like manner derived from record.

2. SAME—*defendant is not entitled to improvements unless he brings himself within Occupying Claimant's act.* A successful plaintiff in ejectment, if he does not claim *mesne* profits, is entitled to the improvements placed thereon by the defendant unless the latter can bring himself within the Occupying Claimant's act; but if the plaintiff claims *mesne* profits the defendant is entitled to set off the value of the improvements up to the amount of the plaintiff's claim.

3. SAME—*when defendant is not entitled to improvements.* A defendant in ejectment who placed improvements on the premises with full knowledge that the title was upon a condition subsequent,

for breach of which the estate was afterwards forfeited, is not entitled to be reimbursed for the improvements, either under the provisions of the Occupying Claimant's act or under a petition in the nature of a bill in equity.

4. REAL PROPERTY—*when the real owner must pay for improvements.* If the real owner of land seeks the aid of a court of equity to establish his title or to recover land, he may be required to do equity by compensating the defendant for improvements put upon the property in good faith or by innocent mistake, to the extent they have enhanced the value of the property. (*Cable* v. *Ellis,* 120 Ill. 136, explained.)

APPEAL from the Appellate Court for the Second Distric;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

BARNES & BOULWARE, and GEORGE B. FOSTER, for appellant.

ARTHUR KEITHLEY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Robert VanTassell, recovered a judgment in an action of ejectment against James E. Wakefield and Adam J. Best for the possession of four lots in the town of Princeville, in the county of Peoria, and the judgment was affirmed by this court. (*Wakefield* v. *VanTassell,* 202 Ill. 41.) A writ of possession was issued and the plaintiff was put in possession of the property, after which the cause was re-docketed in the circuit court, and the appellant, William Wakefield, who had acquired the rights of the original defendants, was substituted as defendant. On his motion the court appointed seven commissioners to assess the value of all such lasting and valuable improvements as had been placed on the property prior to the receipt of notice of the plaintiff's claim of title, in pursuance of the Occupying

Claimant's law, which is now sections 52 to 61 of chapter 45 of the Revised Statutes. (2 Starr & Cur. Stat. p. 1626.) The commissioners valued the improvements at $5755, but on a hearing of exceptions to the report the court decided that the claim of defendant did not come within the provisions of the Occupying Claimant's law. The appellant then filed a petition in the nature of a bill in equity, setting up that his claim to the improvements was of an equitable nature, and praying for an order to go upon the premises and remove the improvements unless the plaintiff should elect to pay the sum of $5755 therefor. The plaintiff was ruled to answer the petition instanter, and upon a failure to answer was defaulted. The court thereupon entered an order or decree finding that the defendant was the equitable owner of the improvements, and ordering that plaintiff should have an option to pay $5755 for the improvements within ten days, or to elect to do so and give bond with security for payment within one year with interest at five per cent, and that in default of such payment or election and giving a bond defendant should have the right to enter upon the premises and remove the improvements. From that order plaintiff prosecuted an appeal to this court, which was dismissed for want of jurisdiction. (*VanTassell* v. *Wakefield,* 214 Ill. 205.) A more complete statement of the facts will be found in the opinion then delivered. Appellee sued out a writ of error from the Appellate Court for the Second District and that court reversed the order. From the judgment of the Appellate Court this appeal was prosecuted.

It is contended that the court erred in sustaining plaintiff's exceptions to the commissioners' report made and filed under the Occupying Claimant's law. All that is said in the argument on that question is, that there is an inconsistency between the decision of the court upon the commissioners' report and the final order granting substantially the same relief as is given by the Occupying Claimant's law. It is true that there is such an inconsistency, but it does not follow that

the first decision sustaining the exceptions was wrong. We are of the opinion that it was right. The provisions of the Occupying Claimant's law apply only to one who may be evicted from land for which he can show a plain, clear and connected title in law or equity, deduced from the record of some public office, without actual notice of an adverse title in like manner derived from record. On that subject the court said in the case of *Ross* v. *Irving*, 14 Ill. 171: "It will be observed that the statute is of an equitable character,—that it does not provide for compensating the occupant in any and all cases for the improvements which he may have made upon the land of another, but only in cases where he entered peaceably on the land, having a clear, connected title of his own, and made the improvements before receiving notice of the title of his adversary." Defendant's title was a fee simple upon a condition subsequent which was annexed to the estate in the conveyance by plaintiff to Adam J. Best. Defendant had full notice of the condition and the estate was forfeited for a breach of it. He did not have the title specified in the statute, and the court did not err in sustaining the exceptions.

Although the defendant did not bring himself within the terms and conditions of the Occupying Claimant's law, the court, by its order or decree, found that he was the equitable owner of the improvements, and gave him leave to remove them unless the plaintiff should pay $5755 within ten days or elect to pay the same and give bond, with security, for such payment; and in so doing the court erred. If that could be done the statute would be entirely superfluous, and it would make no difference whether a defendant in ejectment came within the rule prescribed by the legislature or not. Where there is a recovery in an action at law the whole subject is governed by the statute. If a successful plaintiff chooses to file a suggestion of a claim for *mesne* profits the value of the use of improvements placed on the premises by the defendant cannot be allowed to him, and the defendant

may set off any improvements up to the amount of plaintiff's claim. (Rev. Stat. chap. 45, secs. 43-48; 2 Starr & Cur. Stat. p. 1625.) In such a case the improvements are only available as a set-off against the claim for *mesne* profits. It is true that if the real owner of land seeks the aid of a court of equity to establish his title or to recover land, he may be required to do equity by compensating the occupant for improvements to the extent that they have enhanced the value of the property, if the improvements have been put on the property.in good faith and through innocent mistake. (3 Pomeroy's Eq. sec. 1241.) What was said in the case of *Cable* v. *Ellis,* 120 Ill. 136, on the subject of an allowance to a *bona fide* purchaser or owner for value in a court of equity is to be understood in that sense. That was a suit in equity, and the true rule was accurately stated in *Lagger* v. *Mutual Union Loan Ass.* 146 Ill. 283, where it was said that if the real owner seeks the aid of equity to establish his right to the property itself, and it appears that the estate has been substantially benefited by the improvement, he will be required to make compensation, for the reason that he who seeks equity must do equity. Where the owner recovers his land in an action at law a defendant can only be allowed for improvements by bringing himself within the terms of the statute, which was regarded in *Ross* v. *Irving, supra,* as covering the entire subject and establishing a definite rule. The court said that, independent of any statute, the application of equitable principles to cases provided for by the statute would require an allowance for improvements, and that "the statutory remedy affords relief for the same thing according to a rule prescribed by legislative instead of judicial power." If the matter were not regulated by statute, a court of equity would not, under the circumstances of this case, have given relief to the defendant on his petition when evicted in an action at law. The parties who placed the improvements upon the premises, and the defendant, had notice of the nature of the title and the condition upon which it was granted, and in

such a case the one making the improvements would have no claim upon a court of equity to be reimbursed.

The judgment of the Appellate Court reversing the order of the circuit court is correct and is affirmed.

*Judgment affirmed.*