(No. 19385.—)
ALFREDA F. E. CLARK *et al.* Appellees, *vs.* ELMER B. LEAV-
ITT *et al.*—(JAMES HELFRICH *et al.* Appellants.)

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

VAUSE & KIGER, R. M. SHONKWEILER, and McMILLEN,
McMILLEN & GARMAN, for appellants.

J. L. Hicks, Edward P. Brockhouse, and Brown, Hay & Stephens, for appellees.

Mr. Justice Stone delivered the opinion of the court:

This cause comes by appeal from a decree of the circuit court of Piatt county appointing a trustee to sell certain real estate and for distribution of the proceeds of the sale. The basis of the bill for the appointment of a trustee and for sale of the real estate was the will of Charles A. Clark, who died January 17, 1901, seized of all of the real estate in controversy. By that will he devised his real estate to his daughter and only child, Stella M. Clark, subject to the condition that should she die without having had issue the property should be sold and divided among the testator's brothers and sisters, share and share alike. Stella in her lifetime sold the property in question. Clark left surviving him, in addition to Stella, ten brothers and sisters. Stella thereafter married Elmer B. Leavitt and died May 28, 1926, without having had issue. The will of Clark was duly probated and recorded in the record of wills in Piatt county. The property in dispute lies in the village of Hammond. Part is claimed by that village, which has been made a defendant, and part is claimed by appellant James Helfrich. The bill made defendants the executors of the last will and testament of Stella Clark Leavitt, the legatees and devisees thereunder, and all persons claiming an interest in the real estate owned by Clark in his lifetime and which by *mesne* conveyances from Mrs. Leavitt was conveyed to them. F. J. Thompson, also made a defendant, is the holder of a mortgage on the property purchased by Helfrich. Demurrers were filed to the bill, which were sustained and the bill was dismissed for want of equity. On appeal to this court the decree was reversed and the cause remanded, with directions to the trial court to overrule the demurrers. (*Clark* v. *Leavitt*, 330 Ill. 350.) On re-docketing the cause

in the circuit court the defendants Helfrich and Thompson filed a joint answer, setting forth in detail the transfers of the property from Mrs. Leavitt and by *mesne* conveyances to them, and also praying an accounting for improvements placed by them on the several pieces of property held by them. Complainants filed exceptions to this answer, which were sustained by the trial court so far as the claim of title and for improvements prior to the death of Mrs. Leavitt were concerned, the court holding, in effect, that Helfrich and Thompson were without good and sufficient title to their several tracts and were not entitled to reimbursement for improvements put upon the premises during the lifetime of Mrs. Leavitt. The village of Hammond filed a separate answer, in effect, so far as questions in this case are involved, the same as that of Helfrich and Thompson. Exceptions were filed to that answer and sustained by the court, so that practically the same questions arise here. James Helfrich, Eva Helfrich, F. J. Thompson and the village of Hammond have appealed.

The contentions of appellants may be resolved into one question: Whether a probated will devising real estate is constructive notice in respect to land lying within the county in which the will was probated. Appellants argue that they had no notice, either actual or constructive, of the will of Charles A. Clark; that they purchased without such notice and are entitled to have their interests protected. It is also said that the Statute of Limitations has run against the rights of appellees, for the reason that appellants, with their predecessors in title, have been in possession of the property for more than twenty years, with payment of taxes. However, if the probate of the will of Clark in Piatt county, where this land is situated, is constructive notice to them, such a defense will be of no avail, for it is well settled that the deed of the life tenant, Mrs. Leavitt, conveyed only her interest in the property, and the statute did not begin to run until after her death, in 1926.

It is also urged by appellants that they are entitled to reimbursement for improvements put on the land to the extent of the reasonable increase in the value of the land by reason of such improvements. This, again, depends on whether the probate of the will of Charles A. Clark in Piatt county was constructive notice to them at the time they took the deed to the premises, in which Mrs. Leavitt had only a life estate, since the rule recognized in the cases cited by appellants as to a right to reimbursement for improvements depends upon whether they in good faith, without notice, purchased the land. (*Wakefield* v. *VanTassell,* 218 Ill. 572.) If a purchaser in good faith and without notice of defects in his title makes improvements on land belonging to another under the honest belief that he is the true owner, he is generally allowed for reasonable improvements which are of a permanent character and of benefit to the estate. (*Lagger* v. *Mutual Union Loan Ass'n,* 146 Ill. 283; *Cable* v. *Ellis,* 120 id. 136; 3 Pomeroy's Eq. Jur. sec. 1241.) Whether he is a purchaser in good faith depends upon whether he had reason to suppose that his title was good. Where parties make improvements upon premises, having notice of the condition of the title, they have no claim upon a court of equity to be reimbursed for improvements. (*Wakefield* v. *VanTassell, supra.*) So the entire question in the case is resolved, as we have indicated, into the sufficiency of the probate of the will of Clark in Piatt county as constructive notice of the condition of the title to the land conveyed by it.

The will was not recorded in the recorder's office of Piatt county. Appellants argue that by section 30 of the act on conveyances the legislature intended that wills should not be notice as to the condition of title without being recorded in the recorder's office. That section provides as follows: "All deeds, mortgages and other instruments of writing which are authorized to be recorded shall take effect and be in force from and after the time of filing the same

for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record." (Smith's Stat. 1927, p. 658.) Appellants' contention, however, overlooks section 38 of that act, which provides: "This act shall not be construed so as to embrace last wills and testaments, except as herein expressly provided." Since section 30 does not expressly embrace wills it cannot be said to be applicable. Section 33 of the same act provides as follows: "All original wills duly proved, or copies thereof duly certified, according to law, and exemplifications of the record of foreign wills made in pursuance of the law of Congress in relation to records in foreign States, may be recorded in the same office where deeds and other instruments concerning real estate may be required to be recorded; and the same shall be notice from the date of filing the same for record as in other cases, and certified copies of the record thereof shall be evidence to the same extent as the certified copies of the record of deeds."

Appellants contend that the record of the probate of a will, while it passes title, yet is not constructive notice of the contents of the will until it is recorded in the recorder's office. Appellees, on the other hand, contend that the legislature in enacting section 33 contemplated that the probate of a will is constructive notice as to all lands affected thereby lying within the county in which the will is probated. The question in the case therefore is whether section 33 provides that a probated will shall or shall not have the effect of constructive notice as to lands affected by it lying within the county in which the will was so probated.

Counsel for appellees argue that since the enactment of section 2 of the act of February 14, 1857, the bar of the State have unanimously believed, and have acted on the belief, that a purchaser of real estate for value is charged

with constructive notice of a will recorded in the probate clerk's office in the county in which the real estate is situated though no authenticated copy of such will has been filed in the recorder's office of that county. Section 2 (Laws of 1857, p. 39,) provides: "All original wills, or copies thereof duly certified, according to law, or exemplifications from the record in pursuance of the law of Congress in relation to records in foreign States, may be recorded in the same office where deeds and other instruments concerning real estate may be required to be recorded, and the same shall be notice from the date of filing the same for record as in other cases."

The question here presented has not heretofore been considered by this court. It involves the construction of section 33. That section is, in effect, substantially identical with section 2 of the act of February 14, 1857. The section contains no provision requiring that a will probated in the county in which the real estate is situated shall not be constructive notice of its contents to anyone dealing with such land, nor is there any section of the Conveyance act made applicable to wills. Clearly, the legislature in passing the various sections of that act requiring recording in the recorder's office of foreign wills and other instruments in writing could not have overlooked the fact that a will devising lands situated in the county in which it is probated as directly affects title to real estate in such county as any other instrument which is required by the Conveyance act to be recorded in the recorder's office. It would seem, therefore, that the legislature took cognizance of the fact that the probate of a will should constitute constructive notice. The legislature must have recognized that the probate or county court is a court of record and its records are a part of the records of the county. One examining the condition of a title, as is well recognized, is required to look further than the recorder's office to know the condition of the title. If there be a judgment against the land

owner of record in that county, either as an original judgment or a transcript of a judgment of a foreign court, the purchaser of real estate is required to take notice of the lien of such judgment though it is not filed of record in the recorder's office. So with special assessments and special taxes. There appears, therefore, to be no reason why the legislature should have required that in addition to recording a will in the probate court it should likewise be recorded in the recorder's office, for to so require would not tend to give additional protection to the purchaser and would impose an unnecessary burden on the land owner. Of course, as to wills of record elsewhere in the State or in other States, or as to wills that have never been recorded anywhere, it can readily be seen that the purchaser cannot protect himself unless they be filed somewhere of record in the county. It seems clear from the history of the legislation that when section 2 of the act of February 14, 1857, was passed it was intended to remedy a condition in which the records of the county did not show a foreign or unrecorded will. As full notice is given by the probate of a will of its effect on the real estate affected thereby in the county in which it is probated, we are of the opinion it was not the intention of the legislature that section 33 should apply to wills probated, in the first instance, in the county in which the land is situated. It seems clear that the purchasers of Mrs. Leavitt's title had constructive notice that she owned but a life estate.

Counsel for appellants earnestly argue that even though this be true, appellants put improvements on the land in the honest belief that they owned it, and are therefore entitled to reimbursement for such improvements. It is the general rule that purchasers of real estate are chargeable with knowledge of the law and with those things appearing in the record of the chain of title. It is the duty of a purchaser of land to examine the record, and he is chargeable with notice of whatever is shown by that record. (*Blake* v. *Blake,* 260 Ill. 70; *Buchanan* v. *International*

*Bank,* 78 id. 500; *Brookfield* v. *Goodrich,* 32 id. 363.)
The statutes providing for the descent of property by will
confer on the county or probate court, which are courts
of record, jurisdiction of real estate to be so conveyed.
Appellants, on contemplating the purchase of the property
in question in this case, were bound to examine the records
to ascertain in whom the title vested. Had they done so
they would have found that Charles A. Clark had been the
owner of the record title; that the source of the title they
were about to acquire was Stella Clark Leavitt. The re-
corder's office would show no transfers from Clark to
Stella M. Clark. Nothing appears there to indicate how
Stella Clark Leavitt became vested with the title. They
were bound to know the law with reference to the descent
of property. This was sufficient to put them on inquiry
as to how Mrs. Leavitt obtained title. Failing to make such
inquiry when charged with constructive notice of the facts,
they are charged with the consequences of their neglect
and acquired no better title than that vested in Mrs. Leavitt.
(*Loomis* v. *Riley,* 24 Ill. 307.) One cannot be said to take
title in good faith notwithstanding facts of title of which
he is in law held to have constructive notice. In the ex-
amination of the records of title it is never deemed suffi-
cient that the examiner confine his investigation to the rec-
ords in the office of the recorder of deeds, for, as we have
seen, there are, in addition, records in the circuit and county
courts which may disclose matters affecting the title which
he is about to purchase, and he is charged with constructive
notice of such information as could have been obtained
from an examination of those records. *Chicago and East-
ern Illinois Railroad Co.* v. *Wright,* 153 Ill. 307; *Harris*
v. *McIntyre,* 118 id. 275; *Citizens Nat. Bank* v. *Dayton,*
116 id. 257; *Parker* v. *Merritt,* 105 id. 293; *Slattery* v.
*Rafferty,* 93 id. 277; *Chicago, Rock Island and Pacific
Railroad Co.* v. *Kennedy,* 70 id. 350; *Morrison* v. *Kelly,*
22 id. 609.

While it may seem harsh that appellants be not allowed reimbursement for the improvements put upon the premises during the lifetime of Mrs. Leavitt, yet it is more important that there be certainty in relation to the laws affecting real estate. Appellants knew, or should have known, that they were purchasing only the life estate of Mrs. Leavitt, and therefore cannot be said to have put improvements on these premises in good faith believing that they owned the fee. These facts mark the distinction between this case and the cases cited by appellants.

The circuit court did not err in sustaining the exceptions to the answer of appellants and in decreeing the appointment of a trustee and sale of the property. The decree will therefore be affirmed.

*Decree affirmed.*