(No. 24985.—

WILLIAM H. MAYNARD *et al.* Appellees, *vs.* H. E. STEVENS, Appellant.

*Opinion filed February 20, 1939.*

MERRILL H. JOHNSTON, for appellant.

WILLIAMS & WILLIAMS, and MANUEL M. WISEMAN, for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This is a direct appeal from a judgment of ouster in an action of ejectment brought by the appellees against the appellant in the circuit court of Pike county.  The appellees,

who were plaintiffs in the circuit court, claimed title in fee to a strip of land 100 feet wide off of the south side of that part of the fractional southeast quarter of section fifteen, township seven south, in range two west of the fourth principal meridian, lying east of State bond issue road No. 100, situated in the county of Pike and State of Illinois, and this is the property for which they obtained a judgment of title and for ouster.

The essential issue in the case is one of fact and depends for its determination upon the exact location of the lines between sections 15 and 22, and the determination of this question depends upon a still narrower point—*i. e.*, the location and identification of a certain hickory tree used as a surveyor's mark in 1856 and again in 1866. It is apparent that the establishment of this definite monument conclusively establishes the line between the two sections because the actual running of the line becomes a mechanical and mathematical matter about which there neither can be nor is any dispute.

For the plaintiffs it was proved that the quarter section corner was established by certain witness trees in the original survey and that, in 1856, although the original witness trees were fallen, their location was available and another witness tree was marked in conformity therewith. That ten years later, in 1866, the witness tree here in question was marked, being at that time a hickory tree 10 inches in diameter lying 61 links west of the corner. When the survey which is now in question was made, the surveyor, who testified on this trial, found a hickory tree 20 inches in diameter with a surveyor's cross cut upon the east side of it, which cross was still visible, although grown over, standing in such a position as to correspond with the surveys in 1856 and 1866. Using this as a starting point and projecting the line both east and west the line was found to correspond with other marks and fences. This was accepted as a true survey by the circuit court and we are

certainly in no position to disagree with its finding. Such evidence as there was to the contrary was vague and indefinite and it is our conclusion that the record fully supports the trial court on this question.

After verdict, and before judgment, the defendant filed a motion in the trial court, stating that he had in good faith made lasting and valuable improvements on the land in question before any notice of claim by any one was received by him and claimed the benefits, by appointment of commissioners and assessment of damages, as provided by the Ejectment act. (Ill. Rev. Stat. 1937, chap. 45, pars. 53-61.) This motion was stricken by the trial court and relief refused on the ground that the defendant had shown no title deduced from the record of any public office. It appears from the argument, although not from the record, that the defendant had built a cabin on the strip of land in question and the purpose of the motion was to recover some portion of the value of the cabin through the appointment of commissioners as provided in the Ejectment act. The defendant, however, failed to bring himself within the terms of that act because he did not show "a plain, clear and connected title, in law or equity, deduced from the record of some public office," etc. The difficulty with defendant's contention is that there has never been any question of title in this suit, but only a mistake as to the location of the section line. He never had nor claimed any title to any land in section 22, where he appears, by mistake, to have built a cabin. Where an owner recovers his land in an action at law the defendant can only be allowed for improvements by bringing himself within the terms of the statute. *Wakefield* v. *VanTassell*, 218 Ill. 572.

We find no error of law or fact in the judgment of the circuit court and that judgment is affirmed.

*Judgment affirmed.*