**EQUITABLE REAL ESTATE INVESTMENTS, INC.,**
Plaintiff,

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Otis Towers; Annie C. Towers; Beverly National Bank; Developing Economical & Better Living, Inc.; Unknown Owners and Non–Record Claimants, Defendants.**

No. 97 C 2054.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 7, 1998.

Dirk L. Beek, South Holland, IL, for Plaintiff.

Ernest Yi Ling, Assistant U.S. Atty., Chicago, IL, for the Government.

## MEMORANDUM OPINION AND ORDER

KEYS, United States Magistrate Judge.

This matter comes before the Court on Defendant's Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, this Court grants Defendant's motion.[1]

---

1. Defendants Otis Towers, Annie C. Towers, Beverly National Bank and Developing Economical & Better Living, Inc. were previously dismissed from this case. Furthermore, Unknown Owners and Non-Record Claimants are hereby dismissed as well. This term is typically used in mortgage proceedings and litigation and is inappropriate

## BACKGROUND

This dispute involves a property commonly known as 17706 Pebblewood, Hazel Crest, Illinois ("the subject property"). (Defendant's 12(M) Statement of Material Facts [Def.'s 12(M) ] at ¶ 1.) Plaintiff Equitable Real Estate Investments, Inc. ("Equitable") is in the home remodeling business. (Def.'s 12(M) ¶ 2.) On or about March 28, 1995, Equitable received a warranty deed to the subject property. (*Id.* at ¶ 3.) This property, however, was subject to a mortgage foreclosure judgment entered on December 8, 1992, in the case of *Chase Home Mortgage Corp. v. Phillip,* no. 90 C 6350 (N.D.Ill.1992). (*Id.* at ¶ 1.) Defendant, United States Department of Housing and Urban Development ("HUD") was assigned the property by a Special Commissioner's Certificate of Sale and Deed dated December 14, 1993. (*Id.*)

Unfortunately, Equitable erroneously believed that the encumbrance had been cleared. (First Amended Complaint at ¶ 4.) Equitable, not withstanding a title search that indicated that the property was subject to a mortgage foreclosure lien, purchased the subject property. (Def.'s 12(M) ¶¶ 4–5.) Equitable then received a title commitment and an owner's title insurance policy for the subject property; both documents indicated the existence of the mortgage foreclosure lien. (*Id.* at ¶¶ 6–7.) In fact, the title insurance policy expressly noted that it would not insure the loss of title against that judgment lien. (*Id.* at ¶ 7.) Despite this notice, Equitable believed that it had clear title and was the true owner of the property. (First Amended Complaint at ¶ 3.)

Equitable began making improvements to the subject property on or about April 17, 1995. (First Amended Complaint at ¶¶ 7–9.) It entered into various contracts with subcontractors for labor, and to purchase materials. (*Id.* at ¶¶ 7–9.) Equitable allegedly spent $28,755.55 in order to complete these improvements. (*Id.* at ¶ 9.) However, Equitable was never able to realize a profit from this project because HUD sold this property to Developing Economical & Better Living,

Inc. ("Economical"). Economical, who is no longer a defendant in this case, took possession some time after the improvements were completed, and is still the owner of the subject property.[2] (*Id.* at ¶ 6.)

Equitable filed this action in the Circuit Court of Cook County. HUD then filed a Notice of Removal on March 25, 1997. Thereafter, the case was removed to this Court. Equitable filed its First Amended Complaint on May 30, 1997, alleging that HUD benefited from the improvements to the subject property, and was unjustly enriched because the sales price reflected the increase in value resulting from Equitable's labor and materials. (First Amended Complaint at ¶ 11.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(b). "The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994). Only disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED. R. CIV. P. 56). The non-moving party must set forth specific facts showing that there is a genuine issue as to any material fact. *Anderson,* 477 U.S. at 248–50, 106

---

here since Plaintiff makes no claim against Unknown Caners and Non–Record Claimants.

2. Although the parties in this action have not indicated exactly how or when the transfer of

possession of property from Equitable to Economical occurred, this matter is not pertinent to the decision in this case.

S.Ct. 2505. Then the non-movant may not rest upon mere allegations in the pleadings: rather, he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Waldridge,* 24 F.3d at 920.

In deciding a motion for summary judgment, the court must usually view all the facts in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. Equitable, however, in its Response to the Motion for Summary Judgment "adopted" Defendant's Rule 12(M) Statement of Material Facts. (Pl.'s Resp. to Def.'s Mot. Summ. J. at 1.) Therefore, this motion will be considered using these facts.

### DISCUSSION

**I. *Equitable's Failure to Comply with Local Rule 12(N)***

Local Rule 12 of the United States District Court for the Northern District of Illinois sets out the summary judgment obligations of the parties. Local Rule 12(N) requires that:

> Each party opposing a motion filed pursuant to F.R. Civ.P 56 shall serve and file: (1) any opposing affidavits and other materials referred to in F.R. Civ.P. 56(e); (2) a supporting memorandum of law; and (3) a concise response to the movant's statement that shall contain: (a) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (b) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party.

U.S. Dist. Ct., N.D. Ill., Local R. 12(N).

 The Northern District of Illinois requires that parties comply with the Local Rules, in order to promote uniform and efficient proceedings. When a non-movant fails to comply with the Local Rules, the Court may strike the response. *Rosemary B. ex. rel. Michael B. v. Board of Educ. of Community High Sch. Dist. # 155,* 52 F.3d 156, 158–59 (7th Cir.1995) (citing *Bell, Boyd and Lloyd v. Tapy,* 896 F.2d 1101, 1103 (7th Cir.1990)). "These rules are to be strictly enforced, and the Seventh Circuit has repeatedly upheld grants of summary judgment when the non-movant failed to submit a factual statement in the correct form and thereby conceded the movant's version of the facts." *Karella v. Ameritech Info. Systems, Inc.,* 953 F.Supp. 945, 947 (N.D.Ill.1996); *Waldridge,* 24 F.3d at 922. Equitable's response to HUD's 12(M) statement does not meet the requirements of Rule 12(N), and it is, therefore, stricken.

Equitable plainly disregarded the requirements of Rule 12(N) when it submitted its response. As required by Rule 12(M), HUD included (with its motion) a supporting memorandum of law, supporting materials, including depositions and documents, and a statement of material facts to which it claims there is no genuine issue. *See* U.S. Dist. Ct., N.D. Ill., Local Rule 12(M). Equitable failed to submit a response to each numbered paragraph of HUD's 12(M) statement and also failed to offer a statement of additional facts in numbered paragraphs. Equitable's response to HUD's motion consisted solely of a memorandum of law. Equitable failed to respond to HUD's facts and, instead chose to "adopt" the Defendant's Statement of Material Facts as its own. (Pl.'s Resp. to Def.'s Mot. Summ. J. at 1.) Equitable offers what might be generously construed as additional facts in its memorandum of law. However, it does not support these facts with any affidavits or other materials. In fact, Equitable offered *no* supporting material whatsoever with its response. Thus, even if the Court construed the statements in the memorandum of law as additional facts, the additional facts were not presented in the manner required by Rule 12(N). U.S. Dist. Ct., N.D. Ill., Local Rule 12(N)(3)(b). Since the Court has stricken Equitable's response to HUD's motion for summary judgment, all of the facts set forth in HUD's 12(M) statement are deemed admitted. As such, there are no disputed issues of material fact in this case, and the Court must grant summary judgment to HUD.

The Court notes that, even if it had, *arguendo*, not stricken the non-movant's response, the motion for summary judgment would still be granted since, as will be explained below, Equitable failed to show that a genuine issue of material fact existed.

## II. *Improvements to Land and Unjust Enrichment*

Under Illinois law, "as a general rule permanent improvements made upon real estate by one who has no interest in the premises and without the consent of the owner become part of the realty and vest in the owner...." *McCoy v. Larson*, 286 Ill.App. 405, 3 N.E.2d 713, 714–15, (1936). Under certain circumstances, however, one who makes improvements to property that is owned by another can recover the value of the improvements. "[A]llowance for such permanent improvements may be made by a court of equity where such permanent improvements are made in good faith by one in possession without notice of defects in his title, believing himself, and justified in such belief, to be a bona fide owner." *Id.* at 715.

Therefore, in order to recover, a plaintiff must prove that it had possession of the property at some time and had a good faith belief in ownership.

There is no dispute over the element of possession. Equitable had possession of the subject property while it made the improvements. However, Equitable also had notice of a defect in the title and, therefore, did not have a good faith belief in ownership, according to Illinois law. "Whether he is a purchaser in good faith depends upon whether he had reason to suppose that his title was good. Where parties make improvements upon premises, having notice of the condition of the title, they have no claim upon a court of equity to be reimbursed for improvements." *Clark v. Leavitt*, 335 Ill. 184, 166 N.E. 538, 539 (1929); *see also Worley v. Ehret*, 36 Ill.App.3d 48, 343 N.E.2d 237, 245 (1976) (holding that a purchaser who has constructive notice of a defect in title does not take title in good faith).

Under Illinois law, one who purchases land has a duty to examine the record of the chain of title and is responsible for notice of any information contained in the record. *Clark*, 166 N.E. at 540. Furthermore, "[o]ne having notice of facts which would put a prudent man on inquiry is chargeable with knowledge of other facts he might have discovered by diligent inquiry." *Smith v. Grubb*, 402 Ill. 451, 84 N.E.2d 421, 428 (1949). Effectively, a purchaser of land in Illinois is chargeable with actual, constructive, or inquiry notice of defect in title.

Equitable had constructive and inquiry notice of a defect in title, which both bar recovery for any improvements made on the property. Obviously, the mortgage foreclosure judgment lien that was described in the title commitment and the title insurance policy provided Equitable with constructive notice of a defect in title and inquiry notice of a title problem that a reasonable purchaser would have investigated. Furthermore, since Equitable was put on notice of a title problem, it had a duty to prudently investigate, yet failed to do so. Hence, Equitable was not justified in its belief that it was a bona fide owner.

Equitable responds that it did not have a mistaken belief concerning its ownership of the subject property because it was the owner of the property. (Pl.'s Mem. Supp. Resp. to Def.'s Mot. to Dismiss at 2.) However, Equitable never asserts that it had a good faith belief that it was a bona fide owner according to Illinois law. Equitable makes no challenge or response to the fact that it had notice of a defect in title. Equitable merely supports its statement of ownership with the fact that it held a warranty deed to the property. (*Id.* at 3.) While Equitable did have a warranty deed, the title was not clear. The title commitment and title insurance policy indicated this fact. Thus, while Equitable may have "owned" the property in some sense of the term, the quality of title it held to the subject property was inferior to HUD's title to the property.[3] Equitable is, therefore, not entitled to any restitution.

---

3. "The term 'owner', as applied to land, has no fixed meaning applicable under all circumstances and as to any and every enactment. It usually denotes a fee simple estate, but in Illinois it may include 'one who has the usufruct, control, or occupation of land with a claim of owner-

### III. *Equitable Lien Claim*

 Equitable also argues, in its Response to the Motion for Summary Judgment, that it is entitled to an equitable lien under the facts of the case. This claim also fails.

 "[T]he essential elements of an equitable lien are (1) a debt, duty or obligation owing by one person to another, and (2) a res to which that obligation fastens." *W.E. Erickson Const., Inc. v. Congress–Kenilworth Corp.*, 132 Ill.App.3d 260, 87 Ill.Dec. 536, 477 N.E.2d 513, 521 (1985). Equitable, however, does not meet the first element required for an equitable lien.

 Equitable argues that HUD had a duty based on the doctrine that a person who allows work to be done upon his property, without objection, is liable to the person performing it. "In equity ... if the owner stands by and permits another to expend money in improving his land, he may be compelled to surrender his rights to the land upon receiving compensation therefor, or he may be compelled to pay for the improvements." *Pope v. Speiser*, 7 Ill.2d 231, 130 N.E.2d 507, 512 (1955). The Illinois Supreme Court found that, in such situations, there always exists some type of fraud or deception. *Id.* For example, a true owner, for his own benefit, idly stands by and watches an unaware party improve the land. *Id.* The Illinois Supreme Court also qualified this doctrine, by stating that, "[t]he exercise of such a judicial power ... unless based upon some actual or implied culpability on the part of the party subjected to it, is a violation of constitutional rights." *Id.*

In order for Equitable to recover under this theory, it would need to prove that HUD: knew Equitable was in possession of the subject property; knew Equitable was making the improvements; and then remained silent while improvements were being made in order to later take advantage of the improvements. There is no support whatsoever for this contention, other than Equitable's bare allegations. Equitable offered no evidence that would even suggest that HUD had any level of culpability. Equitable did not state any specific facts or offer any evidence to show that HUD either knew Equitable possessed the subject property, or that HUD saw improvements being made upon the property. Therefore, Equitable has failed to demonstrate that any debt, duty or obligation existed. Thus, Equitable has not proven the first element of an equitable lien, and the claim fails.

### CONCLUSION

For the foregoing reasons, it is clear that no genuine issue of material fact exists. HUD is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that: Defendant's motion for summary judgment be, and the same hereby is, **GRANTED.**

---

ship, whether his interest be an absolute fee or a less estate.' Title to property does not necessarily involve ownership of the property. Title refers only to a legal relationship to the land, while ownership is comparable to control and denotes an interest in the real estate other than that of holding title thereto." *People v. Chicago Title & Trust*, 75 Ill.2d 479, 27 Ill.Dec. 476, 389 N.E.2d 540, 544 (1979) (citations omitted).