HARDY v. BURROUGHS.

1. APPEAL AND ERROR—MOTION TO DISMISS.
   On appeal from denial of motion to dismiss bill, allegations of bill are to be taken as true.

2. IMPROVEMENTS—EQUITY—JURISDICTION—ESTOPPEL—PLEADING.
   Builders who constructed house on lot by mistake may maintain suit to establish equitable lien on premises without alleging fraud against lot owners or estoppel growing out of their conduct.

3. SAME—MISTAKE—EQUITY.
   Owners of lot on which house was constructed by mistake should be given privilege of taking improvement at fair value or of releasing lot to builders at fair value.

4. SAME—CONVEYANCE BY DECREE.
   If owners of lot on which house was constructed by mistake refuse to take improvement or convey lot at fair value, conveyance to builders upon payment of fair value may be decreed.

Appeal from Genesee; Black (Edward D.), J. Submitted June 11, 1930. (Docket No. 93, Calendar No. 34,910.) Decided October 3, 1930.

Bill by Walter Hardy and Cecil Hardy, copartners operating as Biltwell Builders, against J. Eddington Burroughs and others to establish an equitable lien on premises on which a house was erected by mistake. From an order denying motion of defendants to dismiss the bill, defendants appeal. Affirmed.

*Carton, Gault & Parker,* for plaintiffs.

*Walter C. Jones,* for defendants.

CLARK, J. The trial court on motion declined to dismiss the bill of complaint and defendants have

appealed. The allegations of the bill, here taken as true, are that plaintiffs constructed on lot 234 of Carton Park in Flint a dwelling house, that the lot is owned by defendants Burroughs, subject to outstanding land contract in defendants Tanhersley, that plaintiffs so constructed by mistake, that defendants Tanhersley have taken possession of the house and occupy it, that defendants decline to make any adjustment with plaintiffs, and that the value of the house is $1,250.

No fraud is alleged, nor is there allegation of any conduct on the part of defendants to constitute estoppel, such as standing by and knowingly permitting plaintiffs to put up the house on the wrong lot.

It is not contended there can be recovery at law (*Isle Royale Mining Co.* v. *Hertin,* 37 Mich. 332 [26 Am. Rep. 520]), and, this not being ejectment, the statute providing of compensation for improvements (section 13211, 3 Comp. Laws 1915) is not applicable. *Lemerand* v. *Railroad Co.,* 117 Mich. 309. If the owners had invoked the aid of the court of equity in the premises as against the builders as defendants, the court might require the owners to compensate the builders on the maxim "that he who seeks equity must do equity." *Rzeppa* v. *Seymour,* 230 Mich. 439. Abundant authority sanctions the exercise of the jurisdiction in such cases in favor of defendants or as auxiliary to some other relief properly cognizable in equity. *Union Hall Association* v. *Morrison,* 39 Md. 281. The question is, May the plaintiffs, the builders, sustain the bill as plaintiffs, except upon some ground of fraud or estoppel growing out of the conduct of the owners of the land, which, as has been said, is not in the case? On

this question the authorities are divided. In 31 C. J. p. 315, it is said:

"According to some authorities a *bona fide* occupant's right, in equity, to compensation for his improvements applies to him as defendant only, and does not give him the right to recover the value of his improvements after eviction by a direct affirmative suit against the owner of the property, although he made them innocently or through mistake, unless the owner of the land has been guilty of fraud, or of acquiescence after knowledge of his legal rights, or unless the parties have agreed upon compensation for the improvements. But according to other authorities, where an occupant in good faith has made improvements and has been evicted by the true owner, he may sue in equity for the value of his improvements without reference to any fraud or other misconduct on the part of the true owner."

In 14 R. C. L. p. 18, the weight of authority is recognized as in accord with the rule first stated in the above quotation. But the author of a note in 53 L. R. A. pp. 337, 339, after reviewing cases on both sides, aptly concludes:

"And it would, indeed, seem strange that a state of facts which will furnish a perfect affirmative defense in an equity action should not constitute a cause of action, when necessary, in a suit in equity. In other words, that accident shall determine the assertion of what is a conceded equitable right."

The better reasoning is that plaintiffs may maintain this bill. It is not equitable on the facts here before us that defendants profit by plaintiffs' innocent mistake, that defendants take all and plaintiffs nothing. The fact that defendants need no relief and therefore seek none ought not to bar plaintiffs' right to relief in equity. It was said by Judge Story in *Bright* v. *Boyd,* 1 Story's Rep. (C. C.) 478:

"To me it seems manifestly unjust and inequitable, thus to appropriate to one man the property and money of another, who is in no default. The argument, I am aware, is, that the moment the house is built, it belongs to the owner of the land by mere operation of law; and that he may certainly possess and enjoy his own. But this is merely stating the technical rule of law, by which the true owner seeks to hold, what, in a just sense, he never had the slightest title to, that is, the house. It is not answering the objection; but merely and dryly stating, that the law so holds. But, then, admitting this to be so, does it not furnish a strong ground why equity should interpose, and grant relief?"

In *Union Hall Association* v. *Morrison, supra,* the question is fully considered and discussed. See *McKelway* v. *Armour,* 10 Stockton's Chan. Rep. (N. J.) 115, 64 Am. Dec. 445; *Olin* v. *Reinecke,* 336 Ill. 530 (168 N. E. 676); *Hatcher* v. *Briggs,* 6 Ore. 31; *Pearl Township* v. *Thorp,* 17 S. D. 288 (96 N. W. 99).

If, upon the hearing, plaintiffs make a case for equitable relief, it will be proper to offer to defendants by decree the privilege of taking the improvements at the fair value found by the court, or to release to plaintiffs upon their paying the fair value of the lot found by the court, and this within a reasonable time limited by decree. If defendants decline or neglect to comply therewith, conveyance to plaintiffs upon payment made may be decreed. *McKelway* v. *Armour, supra.*

No other question calls for discussion.

Affirmed. Costs to plaintiffs.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.