Argued October 4, reversed and remanded November 2, 1956

## BRUMBAUGH ET UX *v.* ASHTON ET UX
### 302 P. 2d 1018

*Clifford W. Powers,* Portland, argued the cause and filed briefs for the appellants.

*James O. Goodwin,* Oregon City, argued the cause for respondents. With him on the brief were Butler, Jack & Beckett, Oregon City.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND, PERRY, and McALLISTER, Justices.

PER CURIAM.

This is a suit in equity for a mandatory injunction to compel the defendants to remove a dwelling house from real property owned by the plaintiffs.

The record shows that, through no fault of the parties, the defendants, because of the nature of the area and a partial survey thereof, built a home upon what they believed was Lot 2, Bosky Dell, in Clackamas county, Oregon, real property which they own. A true survey disclosed that the dwelling had been constructed upon Lot 3, Bosky Dell, in Clackamas county, real property owned by the plaintiffs.

The trial court, after determining the plaintiffs to be the owners of Lot 3, Bosky Dell, Clackamas county, Oregon, further decreed that the plaintiffs be required to purchase the house and other improvements placed thereon by the defendants for the sum of $5,500. From this decree the plaintiffs have appealed.

We need not go into the rule of equity adopted in this state which relieved the wrongful though innocent occupier of real premises from the harsh rule of the common law that permitted the true owner to recover the property without incurring liability to pay for the improvements placed thereon by the occupier in good faith. The rule and the reasons for its adoption are ably set forth in the opinion of this court written by Mr. Justice BRAND in *Jensen v. Probert,* 174 Or 143, 160, 148 P2d 248. In that opinion we said:

"Equity is not bound by the harsh rule of the common law which would give the improvements to the owner without any right of reimbursement to the occupier. But neither is it bound by any rule of thumb as to the manner in which restitution should be made. * * *

"The equities of the plaintiff Jensen and of the defendant Probert are perfect and equal. The legal title is in the plaintiff. Rights of ownership should not be lightly divested, encumbered, or impaired."

The record discloses that the plaintiffs do not wish to become the owners of the present structure upon their land, and that the house upon the property of the plaintiffs' can, without great difficulty, be moved to defendants' adjoining lot.

In a case such as this, equity interposes its powers, not to make whole the wrongful though innocent occupier, but to relieve his loss consistent with the rights of the true owner of the premises. We believe, however, that it is consistent with the rights of the owner that he should not be unjustly enriched by nonremovable improvements, that are of benefit to him, which were placed upon the premises by mistake. From the record we are unable to determine the reasonable value of the septic tank that cannot be removed, and probably will be of benefit to the true owner, and there may be other such improvements.

We are of the opinion that the justice of this case requires the defendants to remove from the plaintiffs' premises the house and such ornamental shrubs and other improvements as can be moved; that the same should be moved within a reasonable time, and that failure to remove them within a reasonable time will constitute an abandonment thereof. Further, that the trial court should determine the reasonable monetary value of the improvements which cannot be removed from the premises, and which will benefit the plaintiffs, and render a judgment for the defendants for such amount as is determined.

For the above reasons, this cause is reversed and remanded for further proceedings and entry of a decree not inconsistent with our opinion.

Neither party shall recover costs.