**CITY OF POPLAR BLUFF, Missouri, a municipal corporation, Plaintiff-Appellant,**

**v.**

**Noah KNOX and Mrs. Noah (Eunice) Knox, his wife, Defendants-Respondents.**

**No. 8578.**

Springfield Court of Appeals.

Missouri.

Dec. 12, 1966.

Ted M. Henson, Jr., Poplar Bluff, for plaintiff-appellant.

Byron Kearby, Poplar Bluff, for defendants-respondents.

TITUS, Judge.

A warranty deed dated July 17, 1952, conveyed certain real estate in Poplar Bluff, Missouri, to defendant Eunice Knox. The description of the conveyance included that part of Bartlett Street lying east of F Street which had masqueraded as a thicket and briar patch since it was dedicated as a public way in 1887. Mrs. Knox, her husband (defendant Noah Knox), and their family have occupied and paid taxes on the property since the transfer. The disputed portion of Bartlett Street has been under fence by defendants for ten years and they have cleared the land and constructed thereon a seven or nine room house, a barn, and some sheds. Some or all of these structures (the record not being clear) are situate in Bartlett Street.

The City of Poplar Bluff commenced this proceeding by a petition to eject defendants from Bartlett Street. Defendants' pleadings claimed Mrs. Knox was the fee simple title owner of the property and, alternately, asserted she was entitled to the property (including the street) by adverse possession, laches or estoppel. If these defenses were not favorably ruled in her favor, Mrs. Knox additionally asked the city be enjoined from using the street until such time as it made adequate compensation for all improvements defendants had made to

the property, together with "such other orders, judgments and decrees as to the court seem just and proper." Testimony to the Circuit Court of Butler County, Missouri, without a jury, indicated the value of defendants' "dwelling house" alone ("just the building itself") was $1,200 to $1,500. The trial court entered judgment "that the plaintiff [city] recover of defendant the possession of the land described as Bartlett Street * * * upon the condition and as condition precedent to the recovery of possession that the plaintiff deposit with the Clerk of the Court the sum of Fifteen Hundred Dollars for the use and benefit of the defendant Mrs. Noah (Eunice) Knox for the reasonable value of the improvements she made on said land and that all costs of this action are taxed against the plaintiff."

The city's appeal, taken to the Supreme Court, complained only of those portions of the judgment requiring it to deposit $1,500 for the use and benefit of Mrs. Knox and taxing the costs against the city. The Supreme Court determined no grounds existed to entertain the matter there and transferred the appeal to us. Title to real estate is but collaterally involved and that part of the judgment subject to appeal is a money judgment and one assessing court costs. The amount in dispute gives us jurisdiction. Corbin v. Galloway, Mo.App., 382 S.W.2d 827, 829–830(2); State ex rel. Shaul v. Jones, Mo.App., 335 S.W.2d 468, 472; V.A. M.S.Const. Art. 5, §§ 3, 13; V.A.M.S. § 477.040.

Our primary concern is with V.A. M.R. 89.16 and V.A.M.S. § 524.160.[1] Although counsel has directed us to no authority from any jurisdiction dealing with the problem at hand, we are of the opinion the rule and statute has no application where the property concerned, as here, is a

---

1. "If a judgment or decree of dispossession shall be given in an action for the recovery of possession of premises, or in any real action in favor of a person having a better title thereto, against a person in the possession, held by himself or by his tenant, of any lands, tenements or

hereditaments, such person may recover, in a court of competent jurisdiction, compensation for all improvements made by him in good faith on such lands, tenements or hereditaments, prior to his having had notice of such adverse title."

dedicated public street. Poplar Bluff, a city of the third class, is vested with the right of exclusive control over its streets. City of Caruthersville v. Cantrell, Mo.App., 230 S.W.2d 160, 165(5, 6). The title acquired by the city in Bartlett Street differed from the ordinary rights a private individual acquires in real estate by general conveyance. The recording of the plat vested the fee of the land described or intended for public use in the city "in trust and for the uses therein named, expressed or intended, *and for no other use or purpose* [our emphasis]."[2] Land dedicated to a public use as a street cannot be diverted from that use and a city has no right to permanently obstruct a public highway with a building, and an ordinance undertaking to do so is ultra vires and void. Peters v. City of St. Louis, 226 Mo. 62, 125 S.W. 1134, 1136(4). The neglect or failure of a city to physically open and improve a dedicated street to make its actual use possible does not diminish the public easement vested in the city in trust[3] and no statute of limitations extends to any lands given, granted or appropriated to any public use. V.A.M.S. § 516.090; City of Caruthersville v. Huffman, 262 Mo. 367, 171 S.W. 323, 325(2).

■ V.A.M.R. 89.16 and V.A.M.S. § 524.160 (quoted in footnote 1) and accompanying rules and statutes are commonly known as "betterment acts" or as "occupying claimant laws." 42 C.J.S. Improvements § 6 b, p. 430; 10A Thompson on Real Property, § 5292, pp. 624–626. The compensation to which a good faith occupant is entitled for improvements he makes on the land of another is generally held to be the amount by which the owner is benefited, i. e., the amount by which the value of the land has been enhanced by the improvements and *not* the actual value of the improvements themselves or the amount the improvements cost the occupant.[4] If the Missouri betterment act was to be applied here, it is apparent the parties and the trial court assumed an erroneous theory in undertaking to discover what might have been due Mrs. Knox.

■ The primary rule of statutory construction requires ascertainment of the legislature's intent and purpose for enacting a law.[5] The reasons fostering the betterment acts are ably narrated in State ex rel. Shaul v. Jones, Mo.App., 335 S.W.2d 468, 470–472(1–3). Equity's innovations upon the old common law, as well as those accomplished by statute, were to prevent unjust enrichment of the owner of the land. This reason mixed with holdings a city may not permit use of public streets otherwise than as a public way, resolves a conclusion an unauthorized structure upon a thoroughfare constitutes detriment rather than an enhancement to the value of the land. The ends the betterment act intends to serve would seldom, if ever, exist in respect to public street encroachments.

■ More pertinent to our problem is the statutory construction maxim that governmental units "are not within the purview of a statute unless an intention to include

**2.** V.A.M.S. § 445.070, subd. 2; Wolf v. Miravalle, Mo., 372 S.W.2d 28, 34(6); Ginter v. City of Webster Groves, Mo., 349 S.W.2d 895, 900(4); Martin v. City of St. Joseph, 136 Mo.App. 316, 117 S.W. 94, 95(5); Marks v. Bettendorf's, Inc., Mo.App., 337 S.W.2d 585, 593(11); Bell v. Walkley, Mo.App., 27 S.W.2d 456, 458 (3).

**3.** Wolf v. Miravalle, supra, Mo., 372 S.W. 2d 28, 34(6); City of St. Louis v. Missouri Pac. Ry. Co., 114 Mo. 13, 21 S.W. 202, 206(5), par. 3; Heitz v. City of St. Louis, 110 Mo. 618, 19 S.W. 735, 736.

**4.** McAboy v. Packer, 353 Mo. 1219, 187 S.W.2d 207, 210(8, 9); Staub v. Phillips, 307 Mo. 576, 271 S.W. 365, 368(2); 42 C.J.S. Improvements § 11a, pp. 446–448; 27 Am.Jur. Improvements § 22, pp. 276–278.

**5.** State v. Rooney, Mo., 406 S.W.2d 1, 3(1); United Air Lines, Inc. v. State Tax Commission, Mo., 377 S.W.2d 444, 448(4); Wright v. J. A. Tobin Const. Co., Mo. App., 365 S.W.2d 742, 744(1); 82 C.J.S. Statutes § 323, pp. 593–613; 50 Am.Jur. Statutes § 306, pp. 293–294.

them is clearly manifest, especially where prerogatives, rights, titles or interests of the state would be divested or diminished." [6] Any requirement that a city should pay for encroachments made on a public street would surely diminish its right to have the way unencumbered by acts of third persons. In addition to the rule and statute quoted, supra, other sections of Missouri's betterment act permit the plaintiff in an ejectment suit, with leave, "to relinquish the land to the occupying claimant and to recover the value thereof, aside from the improvements." V.A.M.R. 89.19. Also, if the value of the land sans the improvements exceeds the value of the improvements, under V.A.M.R. 89.22 the court may divide the property "between the occupying claimant and the plaintiff, according to their respective rights." These are things a city obviously cannot legally do with a dedicated street and serve to attest there was no intent the betterment act would govern situations covering unauthorized construction in public streets.

The Supreme Court of Arkansas has held its betterment statute does not apply to public agencies or cases where structures have been erected in public streets. City of Little Rock v. Jeuryens, 133 Ark. 126, 202 S.W. 45, 49(6); Martin v. Roesch, 57 Ark. 474, 21 S.W. 881, 882–883 [7]; Baiers v. Cammack, 207 Ark. 827, 182 S.W.2d 938, 940. The Arkansas statute (§ 34–1423) is similar to that in Missouri and other states. We see no cause to disagree with the reasoning and holdings in the last cited cases.

■ V.A.M.S. § 77.520 provides the City of Poplar Bluff through its council may prohibit and prevent all encroachments into and upon the streets, avenues, alleys, and other public places of the city. City of Caruthersville v. Cantrell, supra, Mo.App.,

230 S.W.2d 160, 164(5, 6). A party who has innocently erected structures on a street is entitled, in case of ejectment, to remove them if he so desires and should be afforded a reasonable time so to do. In other words, the good faith occupant should be permitted to do voluntarily what the city would have the right to do under the statute and authorized ordinances. City of Little Rock v. Jeuryens, supra, 133 Ark. 126, 202 S.W. 45, 48(4); 42 C.J.S. Improvements § 4, p. 426. The city cannot permit the structures to remain in the street and could not possibly receive any benefits therefrom. The justice of this case requires that defendants be permitted to remove all improvements they have made. Accord, Brumbaugh v. Ashton, 208 Or. 521, 302 P.2d 1018, 1019. The city has made no claim of damages nor has it ever asserted entitlement to rent or profits. Therefore, none of these items should have any consideration in this case.

■ Neither the transcript nor the exhibits permit us to precisely determine what buildings or parts of buildings, fences, or other improvements made by defendants are located and situate within the dedicated boundaries of Bartlett Street. As already indicated, it is necessary to reverse and remand this cause to the circuit court so appropriate action may be taken and judgment entered in accordance with this opinion. Additional hearing of evidence will be unnecessary if the parties can agree to a suitable description of the improvements actually encroaching on Bartlett Street and which of them need to be removed; otherwise additional testimony may be required to establish these facts. In any event defendants should be permitted and allowed a reasonable time to remove all structures from the street they desire to retain, and costs should be assessed in the manner provided by V.A.M.R. 77.16.

6. State ex rel. Askew v. Kopp, Mo., 330 S.W.2d 882, 888(7); Hayes v. City of Kansas City, 362 Mo. 368, 241 S.W.2d 888, 892(6); 82 C.J.S. Statutes § 317, pp. 554–558.

7. Additional reasons the betterment acts have no application here are recited in this reported case.

The judgment of the trial court is reversed and the cause is remanded for further proceeding in accordance with this opinion.

STONE, P. J., and HOGAN, J., concur.