Argued September 11, affirmed December 31, 1968

COMER ET UX, *Appellants, v.* ROBERTS ET UX,
*Respondents.*

448 P. 2d 543

*William J. Masters,* Portland, argued the cause and filed a brief for appellants.

*Clarence A. Potts,* Portland, argued the cause for respondents. With him on the brief were Potts & Powers, Portland.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff brought an action of ejectment. Defendant cross-complained seeking affirmative equitable relief. The trial court first tried the request for equitable relief as provided by ORS 16.460(2). The equitable relief was granted and the ejectment action was dismissed. Plaintiff appealed.

Plaintiff and defendant owned adjacent pieces of rough brush land. Both pieces had originally belonged to plaintiff. Plaintiff sold 10 acres to a third party on contract and retained 4 acres. Defendant purchased the contract from the third party, took possession, paid off the contract and secured a deed from plaintiff. After taking possession of the property defendant put living quarters on it and drilled a well at an expense in excess of $2,000. Through an honest mistake he drilled the well on plaintiff's property. He made no effort to survey the property, but located his well by measuring in 15 feet from where he supposed the property line to be. The evidence indicates that his mistake was brought about by reliance upon misinformation secured from the third party as to where the property line lay. The evidence also indicates that the third party probably secured his misinformation from plaintiff. If so, it was the result of an honest

mistake by plaintiff. Plaintiff had no knowledge that defendant was drilling the well until it was an accomplished fact. The trial court decreed that plaintiff transfer to defendant one-eleventh of an acre of his property upon which the well stands in return for the payment of $500.

Plaintiff's principal contention is that he was innocent of any wrongdoing and that defendant is not entitled to any relief where plaintiff has not sought the aid of equity nor requested a judgment against defendant for the rents and profits of that part of his premises occupied by defendant. In addition, plaintiff contends that, in any event, he cannot be required to make an involuntary sale of his property to defendant. We start out with our finding that the equities of the parties are equal. The misinformation upon which defendant relied probably originated from plaintiff. On the other hand, defendant did not take the precaution of more certainly locating the boundary of his property before drilling his well.

A review of the authorities relative to the rights of persons who in good faith put improvements on land they mistakenly believe to be theirs is found in the case of *Jensen v. Probert,* 174 Or 143, 148 P2d 248 (1944). By early English and American common law, the owner could recover his land in ejectment without incurring any liability for improvements. Equity modified this harsh rule in cases where the owner sought equitable relief by requiring, as a prerequisite thereto, that the owner do equity and make restitution for improvements. The influence of equity was also brought to bear upon owners who sought legal relief by ejectment together with *mesne* rents and profits. The law courts held that in this situation the value of the improvements could be set off by the

occupant against such rents and profits as were found to be due the owner but they could not be the basis for a judgment against the owner. A small minority of courts went so far as to permit the person making the improvements to recover their value in a suit in equity, whether the owner resorted to equity or not. Oregon joined this minority by the case of *Hatcher v. Briggs,* 6 Or 31 (1876). The principle of *Hatcher* was seemingly discarded in the case of *Parker v. Daly,* 58 Or 564, 114 P 926, 115 P 723, 34 LRA (N.S.) 545 (1911). The court reverted to the majority rule that unless the owner requested equitable relief or brought an action for *mesne* rents and profits no relief could be granted.

In *Jensen v. Probert,* supra, the court concluded that because the owner in that case sought equitable relief, it was unnecessary to make the choice between the philosophy of *Hatcher* and that of *Parker* because the occupier was entitled to relief under the rule of either case. At the same time, the court gave *Hatcher* a gratuitous pat on the head by saying: "While we have no inclination to weaken the authority of that case, we think it is unnecessary to apply it in the case at bar."

■ We prefer the reasoning of *Hatcher* to that of *Parker.* We fail to see why the fact that the owner seeks equitable relief or that he requests judgment for *mesne* rents and profits is relevant to the equity of the occupant's position. It is not the kind of situation where the relief sought by a plaintiff (or whether plaintiff seeks any relief at all) should dictate whether the other party to the controversy is entitled to the cognizance of a court of equity. A state of facts which will justify an affirmative cross-complaint in a suit in equity necessarily must also comprise an independent

basis for relief. The allowance of a recovery from the owner for the value of improvements mistakenly put on the owner's premises is an application of the equitable rule which prevents unjust enrichment. It should be clearly understood we are only contemplating that situation where the equities of the owner and those of the occupier are equal. In the present case it could be said the occupier was negligent, but so was the owner and, therefore, the equities are equal. See *Frazier v. Frazier,* 264 SW2d 665 (Ky 1954); *Barlow v. Bell,* 1 Marshall 246, 8 Ky Rep 181 (1818); *Union Hall Association v. Morrison,* 39 Md 281 (1873); *Hardy v. Burroughs,* 251 Mich 578, 232 NW 200 (1930); *Vallé's Heirs v. Fleming's Heirs,* 29 Mo 152 (1859); *Homes, Inc. v. Holt,* 266 NC 467, 146 SE2d 434 (1965); *Rhyne v. Sheppard,* 224 NC 734, 32 SE2d 316 (1944); *McKelway v. Armour,* 10 NJ Eq 115 (1854); *Herring v. Pollard's Executors,* 23 Tenn 362 (1843); *Murphy v. Benson,* 245 SW 249 (Texas 1922); and *Bright v. Boyd,* 1 Story 478, 4 Fed Cas 127, Case No. 1875, opinion on entry of final decree, 2 Story 605, 4 Fed Cas 134, Case No. 1876 (CC Me 1841).

Some of the cases cited are cases in which the occupant was on the premises as the result of having secured a defective title which he thought to be genuine and, thus, was there under color of title. We believe the equities involved are the same where the occupant constructs the improvements pursuant to an innocent mistake as to the boundary of his property.

This court has held that where the improvements are removable equity requires that the occupant be required to remove them. *Brumbaugh v. Ashton,* 208 Or 521, 302 P2d 1018 (1956). Obviously, this is an impossibility in the present case. Where the occupant is entitled to compensation for his improvements, and

the owner is not guilty of inequitable conduct, equity dictates that the owner be given his option whether he pays for the increase in the value of his property which was brought about by the improvements or whether he receives the value of the land upon which the improvements have been made. *Jensen v. Probert,* supra, at 158-59; *Union Hall Association v. Morrison,* supra; *Hardy v. Burroughs,* supra; and *McKelway v. Armour,* supra. In the instant case plaintiff made it clear that he did not choose to pay for the improvements because he testified that he was financially incapable of doing so.

■ Plaintiff contended that if that part of the property on which the well was situated were taken from him, the value of his remaining property would be greatly damaged because he would not have left sufficient available area upon which to build his house, lay a sewage drain field and drill a well. The trial court decreed that only one-eleventh of an acre of plaintiff's 4-acre tract be transferred to defendant. The trial court was not convinced of the justification for such a contention and neither is this court. We believe that the $500 awarded the plaintiff was adequate to reimburse him for the value of the property taken and any damage to that which remained. Plaintiff made no claim for the value of defendant's use of the property prior to the trial.

The decree of the trial court is affirmed.