Argued May 6, affirmed October 15, petition for rehearing
denied November 12, 1969

SUGARMAN ᴇᴛ ᴀʟ, *Appellants, v.* OLSEN,
*Respondent.*
459 P. 2d 545

386

*Robert W. Collins,* Pendleton, argued the cause and filed briefs for appellants.

*Ralph Currin,* Pendleton, argued the cause for respondent. On the brief were Currin & French, Pendleton.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

Plaintiffs secured a judgment of ejectment. The defendant had alleged in his answer that if plaintiffs

were successful the defendant should be awarded the value of improvements that defendant had made to the land from which plaintiffs sought to eject him. The defendant was awarded $3,000 for such claim. The only issue on this appeal by plaintiffs is whether defendant was entitled to a judgment in any amount.[1]

Plaintiffs' principal contention is that in an action for ejectment in which plaintiffs did not seek damages for the withholding of the property the defendant cannot in either law or equity recover the value of the improvements he erected upon the property. After the trial in the instant case we decided in *Comer v. Roberts*, 252 Or 189, 448 P2d 543 (1968), that he could. There is some question, however, whether the decision in *Comer v. Roberts*, supra, is applicable in this case.

In the *Comer* case the defendant advanced his claim in the form of allegations for affirmative equitable relief and we held that such equitable relief could be decreed although the plaintiff only asked for legal relief, i.e., ejectment. In the present case the defendant alleged his defense as a separate "Answer and Defense, and by counter-claim." He asked in his prayer that if plaintiffs were adjudged owners he have judgment for the value of the improvements and taxes he paid. The entire case, including defendant's affirmative defense, was tried by a jury. The defendant never objected to this procedure. The plaintiffs did not object to these procedures or to the form of defendant's claim.

---

[1] Plaintiffs contend on appeal that even if the defendant is entitled to recover, the measure of his recovery was incorrect. Such contention is not covered by any assignment of error and we are not directed to any procedure at trial whereby the trial court was called upon to rule upon this issue and, therefore, do not consider this contention.

It is clear that only in equity can the occupant obtain reimbursement for the value of his improvements from the landowner, and that defendant's rights in this regard were asserted and dealt with below in the form of a legal counterclaim. Nevertheless, this does not require the judgment reimbursing defendant for the value of his improvements to be set aside.

■ The character of a pleading is determined by the facts pleaded, not the label placed upon the pleading. *Thompson v. Hibbs,* 45 Or 141, 76 P 778 (1904); *Gabel v. Armstrong,* 88 Or 84, 171 P 190 (1918); *Rogue River Management Company v. Shaw,* 243 Or 54, 411 P2d 440 (1966).

■ In the present case in which no objection at trial was made that the affirmative relief sought was an equitable matter although denominated a counterclaim, we can consider the allegations as adequately putting in issue the defendant's claim for affirmative equitable relief.

■ The entire proceedings were tried by a jury, without objection. ORS 16.460 provides that when a defendant alleges equitable matters in a law action, the equitable issues shall be tried first as in a suit in equity. Suits in equity are ordinarily tried by the court without a jury. ORS 17.040. We know of no reason, however, why the right to have equitable matters tried without a jury cannot be waived. In the reverse situation, we have held that the right to a jury trial on a legal issue mistakenly thought to be equitable was waived by the party's failure to object to trial without a jury. *Winkleman v. Ore.-Wash. Plywood Co.,* 240 Or 1, 9-10, 399 P2d 402 (1965). Equity and jury trials are not completely inimical. ORS 17.040 provides when equitable issues can be tried by a jury.

■ We hold that in the absence of an objection to the trial of the equitable issue by a jury, the court had the power to enter judgment upon the verdict.

■ There is one issue that was not raised by either party; however, we believe it desirable to refer to it because a failure to do so in this decision, as well as in *Comer v. Roberts*, supra (252 Or 189), might be misleading.

ORS 16.460(2) provides, in part:

> "In an action at law where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, *and material to his defense,* * * *." (Emphasis added.)

It might be questioned whether a claim for improvements is "material to the defense" of an ejectment action. Without passing on the issue, we hold that any possible objection that the defendant's claim was not material to his defense was waived by failure to object.

■ The rule as stated in *Comer v. Roberts*, supra, (252 Or 189), and in other jurisdictions is that an occupant "who in *good faith* put[s] improvements on land they mistakenly believe to be theirs" can recover the value of the benefit bestowed. 252 Or at 191. (Emphasis added.) Plaintiffs contend the defendant did not act in good faith because the plaintiffs told him before defendant started to build that the plaintiffs owned the land.

■ It was admitted that the defendant had record title and a policy of title insurance for the property in dispute. The jury found, however, that plaintiffs gained title by adverse possession against defendant's predecessors. The defendant admitted that before he

started to build the plaintiffs told him they owned the land. There was no fence standing or other physical indication that the parcel belonged to plaintiffs. Under these circumstances, i.e., record title, title insurance, and no physical indications of another's ownership, we hold that the defendant acted in good faith.

*Bradley v. Cornwall*, 203 Md 28, 98 A2d 280 (1952), as does the present case, concerned the right of an occupant to recover from the rightful owner the value of improvements made to the owner's land and the good faith of the occupant was in issue. The court said:

> "It seems fair to say that while each side from time to time made assertions of rights against and in defiance of the other side, neither pursued a clear course or acted with determination to vindicate its claims, or to clarify a doubtful situation. Although each had knowledge of the other's adverse claim, each had some reason to entertain a belief in the rightness of its own position. When we now resolve the question by adjudication we do not think it necessary or warranted by the case as a whole for us to denounce the good faith of either the appellants or the appellees. Dr. Bradley, insisting on his supposed title, said as a witness, 'I couldn't spend that much money and believe otherwise.' Concedely, the mere expenditure of money in improving a neighbor's property is not enough to establish a claim for melioration, but it is an element to be considered and may or may not indicate good faith, according to the circumstances.

> "That the appellants were most unwise in undertaking so large an expense without first obtaining a clear definition of their rights, no one can deny; but imprudence is not the equivalent of bad faith. * * *." 203 Md at 39.

*Dorer v. Hood,* 113 Wis 607, 615, 88 NW 1009 (1902), similarly held:

"* * * Mere notice of an adverse claim is not considered, in other states which have statutes of similar general character, to forbid the conclusion that subsequent improvements were made in good faith. * * *."

At least one court has held to the contrary. *Lawrence v. Lawrence,* 231 Ark 324, 329 SW2d 416, 420 (1959); however, we believe the rule stated in the above-quoted cases is more equitable.

Affirmed.