Argued and submitted at Pendleton May 6,
affirmed October 20, 1980

ROESCH,
*Appellant-Cross-Respondent,*

*v.*

WACHTER,
*Respondent-Cross-Appellant,*
*and*
SAMPSON,
*Respondent.*

(No. L-10,800, CA 12954)

618 P2d 448

Leeroy O. Ehlers, Pendleton, argued the cause and filed the briefs for appellant-cross-respondent.

Lawrence B. Rew, Pendleton, argued the cause for respondent-cross-appellant. With him on the brief was Corey, Byler & Rew, Pendleton.

James M. Habberstad, Pendleton, argued the cause for respondent. With him on the brief was Dick & Dick, Pendleton.

Before Schwab, Chief Judge, and Gillette, Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff William Roesch brought this action for ejectment against defendant Del Wachter to recover possession of real property, damages, rents and profits. In his answer and equitable counterclaim, Wachter sought a declaration that he was the owner of the real property in question and further prayed that a partnership consisting of Roesch, Wachter and third-party defendant Ferrell Sampson be declared dissolved and that an accounting be taken of the partnership affairs. Plaintiff and Sampson joined Wachter in the request for an accounting.

After trial to the court, the court entered a judgment of ejectment and ruled that Wachter was entitled to set off the value of the improvements he made on the property against rent due for his use of the property. The court also ordered an accounting to determine the value of the improvements made by Wachter on the real property and to ascertain the interest of the partners in the partnership assets. After the accounting and hearing on the parties' objections to the accounting, the trial court made findings and entered a judgment adjudicating the rights and liabilities of the parties.

Plaintiff assigns as error certain of the court's findings of fact and conclusions of law. Wachter cross-appeals from the trial court's ruling failing to allow him to purchase the property in question pursuant to an alleged oral agreement among the parties. We affirm.

■ In a suit for dissolution of a partnership and accounting, our review is de novo, giving substantial weight to the findings of the trial court regarding matters of credibility. *Wright v. Ogle,* 283 Or 505, 507, 584 P2d 737 (1978). No purpose would be served in laboriously setting out the complex facts of this case. The records kept in the conduct of the business affairs of these parties were scanty and inconclusive. Their recollections as to the respective partnership contributions were vague, each partner recalling the fact differently and in the light most favorable to his position.

Based upon our review of this record, it is clear that the merits of the respective claims of these parties depended upon the trial judge's assessment of their credibility. We find his conclusions and findings were supported by ample evidence and we decline to disturb them on appeal. *Fry v. Ashley,* 228 Or 61, 66-67, 363 P2d 555 (1961).

In his cross-appeal, Wachter contends that the trial court erred in ordering his ejectment. An action for ejectment is legal in nature. ORS 105.005.[1] The trial court's judgment on this portion of the case is binding on this court if supported by any competent evidence. The parties agree that during the course of their dealings, negotiations were undertaken pursuant to which it was understood that Wachter would purchase the property in question. As a consequence, Wachter occupied the premises and made substantial improvements.[2] The trial court found, however, that these negotiations failed to ripen into a contract capable of enforcement. There was substantial evidence in the record from which the trial court could properly find that the negotiations between the parties for Wachter's purchase of the property were preliminary only and that a price had never been agreed upon. Accordingly, the trial court did not err in ordering Wachter's ejectment.

One remaining assignment of error requires our attention. Plaintiff contends that the trial court erred in allowing Wachter a credit against rent for

---

[1] ORS 105.005 reads as follows:

"Any person who has a legal estate in real property and a present right to the possession thereof, may recover possession of the property, with damages for withholding possession, by an action at law. The action shall be commenced against the person in the actual possession of the property at the time, or if the property is not in the actual possession of anyone, then against the person acting as the owner thereof."

[2] Roesch and Sampson do not argue on appeal that the alleged oral contract was voidable because it was in violation of the Statute of Frauds, ORS 41.580(5). Wachter does not argue that there were sufficient permanent improvements made to remove the oral contract from the operation of the statute.

improvements made to the property during his occupancy. The trial court found that the premises occupied by Wachter were the subject of a joint venture between Roesch and Sampson. The purpose of the venture was to repair and remodel a house on the property for eventual sale. As noted earlier, the parties engaged in negotiations whereby it was assumed that Wachter would purchase the property. During the course of these negotiations, Wachter occupied the property and made substantial improvements to it with the full knowledge of both Roesch and Sampson. He did not, however, pay rent. Plaintiff contends that the trial court erred in allowing Wachter a $5,000 setoff against the rent owed by Wachter for the period of his occupancy. In support of this contention, plaintiff contends that under ORS 105.030 no setoff was permissible because Wachter did not occupy the premises under color of title in good faith and adverse to the plaintiff's claim. ORS 105.030 provides:

> "The plaintiff shall only be entitled to recover damages for withholding the property for the term of six years next preceding the commencement of the action, and for any period that may elapse from the commencement to the time of giving a verdict, excluding the value of the use of permanent improvements made by the defendant. When permanent improvements have been made upon the property by the defendant, or those under whom he claims, while holding under color of title in good faith and adverse to the claim of the plaintiff, the value of the improvements at the time of trial shall be allowed as a setoff against such damages."

It is true that Wachter had no colorable title and was not entitled to an equitable setoff against rent owed under the terms of ORS 105.030. We do not believe, however, that that fact prevents the exercise of equitable jurisdiction under these circumstances. The purpose of the joint venture between Roesch and Sampson was to repair and remodel the house for sale. It is undisputed that Wachter occupied the premises with the knowledge and consent of the joint venturers and with the understanding that Wachter would be the purchaser. The improvements made by Wachter

with the knowledge and consent of Roesch and Sampson enhanced the value of the property and furthered the purpose for which they held it. In *Comer v. Roberts,* 252 Or 189, 448 P2d 543 (1968), the Supreme Court noted that the rule allowing a setoff for improvements against rent in an ejectment action was an attempt by equity to ameliorate a harsh common law rule that an owner could recover his land in an ejectment action without incurring any liability for improvements.

> "The allowance of a recovery from the owner for the value of improvements mistakenly put on the owner's premises is an application of the equitable rule which prevents unjust enrichment. * * * " 252 Or at 193.

In *Comer* the defendant, due to an honest mistake about his property line, drilled a well on plaintiff's property. The plaintiff brought an action for ejectment and the defendant sought equitable relief. The trial court dismissed the action for ejectment and granted equitable relief requiring the plaintiff to transfer a small portion of his property to the defendant and requiring the defendant to pay appropriate compensation. The defendant had no colorable title. The Supreme Court stated:

> "Some of the cases cited are cases in which the occupant was on the premises as a result of having secured a defective title which he thought to be genuine and, thus, was there under color of title. We believe the equities involved are the same where the occupant constructs the improvements pursuant to an innocent mistake as to the boundary of his property.
>
> "This court has held that where the improvements are removable equity requires that the occupant be required to remove them. *Brumbaugh v. Ashton,* 208 Or 521, 302 P2d 1018 (1956). Obviously, this is an impossibility in the instant case. Where the occupant is entitled to compensation for his improvements, * * * equity dictates that the owner be given his option whether he pays for the increase in the value of his property which was brought about by the improvements or whether he receives the value of the land upon which the improvements have been made." 252 Or at 193-94.

Here the improvements made by Wachter included a septic tank, a drain field, a well and pump, landscaping and other permanent improvements. We find that, despite the fact that Wachter had no colorable title, he acted in a good faith belief that he had a right to purchase the property based upon the previous conduct of the parties. We conclude under the circumstances of this case that the trial court was correct in allowing the setoff because Roesch and Sampson would be unjustly enriched if permitted to retain the benefits of the improvements without allowing a setoff for their reasonable value.

Affirmed.