## GLEASON *v.* VAN AERNAM.

### PARTNERSHIP—DISSOLUTION.

Where a court of equity has jurisdiction over the adjustment and settlement of the accounts of a dissolved partnership, it will take cognizance, under proper allegations, of distinct contracts entered into by the partners at the time of dissolution, and, materially changing their rights and liabilities on final settlement, and render full relief upon the same.

### PLEADINGS—FINAL SETTLEMENT.

A final settlement of partnership accounts must be plead to bar a suit for account and settlement between the partners.

Where partners dissolved their partnership by consent, and adjusted their accounts so far as they occurred to them at the time, but separated under an agreement to meet again and divide some partnership lumber, and then finish their settlement, and never did anything further: *Held*, not a final settlement.

APPEAL from Umatilla.     The facts are stated in the opinion.

*Bonham & Ramsey*, for appellant.

A court of equity has no jurisdiction of the subject matter of this suit, because the complaint shows that the partnership had been dissolved, and the accounts and business of the firm adjusted.     The partnership being dissolved, and the property divided by mutual contract, it ceased to be partnership property, and all remedies in relation to it are at law, and not in equity.     (1 Story's Eq. Jur., 528.)

If any mistake had been made in the settlement, it could not be corrected in this suit, as it was not instituted to falsify or surcharge the accounts.     (1 Story's Eq. Jur., secs. 524, 527.)

*Lucien Everts*, for respondent.

Courts of equity have jurisdiction to take an account upon a dissolution of a partnership.     (Willard's Eq. Jur., 707; 1 Story's Eq. Jurisprudence, secs. 662, 672, 683; *Ross* v. *Cornell*, 45 Cal., 133; *Burns* v. *Nottingham*, 60 Ill., 531; *Williams* v. *Henshaw*, 12 Pick., 378.)

In regard to the lien of partners on the partnership property, cites: Story on Partnership, secs. 77, 78; *Simpson* v. *Leek*, 86 Ill., 286.

By the Court, WATSON, J.:

This suit was commenced in the circuit court for Umatilla county, to obtain a settlement of partnership accounts, to enforce certain agreements entered into by the partners in regard to portions of the property which had belonged to the firm at the time of the dissolution, and to establish a vendor's lien.

The complaint alleges the formation of the partnership, October 15, 1875, by the parties hereto; its continuance until February 14, 1878, and its dissolution at the latter date by mutual agreement. It further states, that at the time of dissolution, the plaintiff sold and relinquished to defendant his undivided one-half interest in the saw-mill and the premises and improvements used in connection therewith (by the partnership), " and the defendant agreed to pay plaintiff a reasonable sum therefor—said sum to be sufficient to compensate plaintiff for the work and labor performed, and money expended by him, in and about the business of said partnership, and for which plaintiff had not already been paid. * * * That the accounts between plaintiff and defendant in regard to said partnership, and the sale of the partnership property, have never been fully adjusted and settled, and there still remains due from defendant to plaintiff the sum of six hundred and fifty dollars, over and above all set-offs and counter claims, for plaintiff's interest in said partnership property, which was sold and relinquished by him to defendant;" and for which he claims a vendor's lien on the property sold.

That it was also agreed at the time the partnership was dissolved, and was a part of the contract of dissolution, that plaintiff should thenceforth hold and own, in his own individual right, and as his share of the partnership property, a certain logging team, wagon, etc.

That defendant has never complied with any of said agree-

ments, and has continued to use said logging team, wagon, etc., without plaintiff's consent, and that the use of the same to the time this suit was instituted was reasonably worth fifty dollars, which he asks to have allowed him by the decree. A bill of items was filed with the complaint.

The answer admits the sale of the half interest in the saw-mill, but denies any agreement to pay therefor, and avers that it was fully paid for out of the partnership assets. Denies that the partnership accounts, etc., had been fully adjusted and settled. Admits that plaintiff was to have the logging team, wagon, etc., but avers that he was to pay defendant fifty dollars for his half interest therein, which he has failed to do. Denies that such agreement was a part of the contract for dissolution, and denies any indebtedness to plaintiff on any ground.

The new matter in the answer is put in issue by the replication. The decree of the court below was for the plaintiff for the sum of two hundred and eighty-five dollars, the recovery of said logging team, wagon, etc., a vendor's lien on the saw-mill property for two hundred and thirty-five dollars of said sum, and costs. Defendant appealed from the decree, and afterwards plaintiff served a notice and filed an undertaking for appeal, also.

The principal question raised upon the appeal is, whether a suit in equity can be maintained on the facts stated in the pleadings. The appellant insists that it cannot, and hence that it was error in the court below to proceed to a final decree in the case. But this position seems to be untenable. The complaint alleges that the partnership accounts have never been adjusted or settled, and prays for an account. Equity has undoubted jurisdiction over this branch of the case. (1 Story's Eq. Jur., sec. 672.) It also states facts entitling the plaintiff to a vendor's lien, and prays also for that relief. And we are clearly of the opinion that the agreements set up in the complaint are so connected with the final settlement of the part-

nership accounts as to render them proper subjects of litigation in this suit.

For instance, how can the respondent tell, until after his account with the partnership has been settled, what amount he has " already been paid " for his services and disbursements in the partnership business, or how much his labor and expenditures for the partnership amount to? It may be objected that it would be possible for him to make this proof in an action at law, and that it is not absolutely essential that he should first have his accounts settled by a suit in equity.

But conceding this to be correct, as a mere naked legal proposition, does it follow that he has not a right still to have that account settled by a court of equity, which he can exercise if he chooses to do so? And, will not court of equity, acquiring jurisdiction for this purpose, under proper allegations, proceed to administer full relief upon connected and dependent contracts?

The rights of the parties are not the same as they would have been, unaffected by this agreement. The decree of the court would not protect the rights of the parties unless it followed the agreement. It was necessary, in our judgment, that it should be alleged in the complaint, as part of the respondent's case. So with the agreement respecting the logging team, wagon, etc.

Until a final adjustment of the accounts between the parties, the respondent could not know whether anything was due the appellant for his half interest in the property, which all agree respondent was to have; and it was equally necessary and proper that this agreement also should form part of respondent's case.

We are fully satisfied, upon careful reflection, that the court below properly entertained jurisdiction over all the subjects of suit included in the complaint, and settled in one decree all the right of the parties growing out of, or in any way connected with, any of such subjects.

The next ground of reversal put forward by appellant is,

that the evidence establishes the fact of there having been a final settlement of the partnership accounts and business between the parties, prior to the commencement of this suit. But there is no averment of any such settlement in the answer, and if there were, the testimony would not sustain it. J. C. Franklin, who made out the statement of the accounts as far as they were adjusted, testifies distinctly that there still remained a quantity of lumber which belonged to the partnership at the mill, and which had not been divided. That the parties agreed to go to the mill and divide this lumber and then return and finish the settlement. (See Franklin's depositions, answers to questions 20, 49 and 50.)

They never came back to finish the settlement, nor did they meet, as agreed, and divide the partnership lumber at the mill. The facts are indisputable. We think it clear that there was no such final settlement or adjustment as would have been a bar to the suit had it been pleaded. Enough, however, transpired at Franklin's to denote the existence of such an agreement between the parties in respect to the respondent's receiving compensation for extra work, and expenditures in the partnership business, as is alleged in the complaint, and in connection with his testimony we think sufficiently established that fact.

Only one other question remains to be disposed of, and that relates to the amount allowed the respondent in the court below. It is very uncertain, upon the evidence, what the precise amount is that should be allowed the respondent. It is very doubtful if the full amounts charged by the respondent for services and expenditures, properly included in his agreement with appellant, should in every instance be allowed. And in more than one item in his bill, respondent has included claims which ought to be allowed him with others which ought not, and charged for them in gross.

It is impossible to determine with accuracy, from the testimony, the precise separate value of each, and we can only approximate. After a careful examination of the evidence,

and as accurate a calculation of the amounts justly due upon the items established by the evidence, as the nature of the proof would admit of, we find no material difference between our final conclusion and that of the learned judge who tried the case below, as to the amount the respondent ought to recover, and we shall not disturb his decision. We think the decree below was fully supported by the evidence, and strictly in accordance with the equitable rights of the parties.

Decree affirmed.