Argued June 19, reversed August 4, 1975

# GREEN ET UX, *Respondents, v.*
# CITY OF EUGENE (No. 74-2806), *Appellant.*

538 P2d 368

*Stanton F. Long,* Eugene, argued the cause for appellant. With him on the briefs were Johnson, Johnson & Harrang, Eugene.

*Richard E. Miller,* Eugene, argued the cause for respondents. With him on the brief were Miller, Moulton & Andrews, Eugene.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

Plaintiffs applied to have their property rezoned. The Eugene City Council held a series of meetings on the application that extended over about a six-month period. The council's final decision was adverse to plaintiffs. By way of this writ of review proceeding, plaintiffs challenge that decision. The circuit court held that the council's decision was tainted by procedural error and remanded for further proceedings. The City of Eugene appeals.

The circuit court's finding of procedural error was based upon: (1) the conceded fact that, of the seven council members who participated in the final decision, four had not attended all prior council meetings at which the requested rezone was considered; and (2) Section 2.393(9), Eugene Code, which provides:

> "A member absent during the presentation of any evidence in a hearing may not participate in the deliberations or final decision regarding the matter of the hearing, unless he or she has reviewed the evidence received."

We generally agree with the circuit court's

well-reasoned opinion and conclusions that: (1) Section 2.393(9) is not applicable to those council members who missed the February 25, 1974 council meeting because no evidence was received at that meeting; (2) Section 2.393(9) is applicable to those council members who missed the January 21, 1974 meeting because evidence was received at that meeting; and (3) there is no evidence that the council members who missed the January 21 meeting "reviewed the evidence received" within the meaning of Section 2.393(9) before participating in the final decision to deny the requested rezoning. However, upon the basis of an issue not reached by the circuit court—plaintiffs' failure to adequately raise and preserve this claim of procedural error before the city council—we reverse the decision remanding to the city council.

■ *Fasano v. Washington Co. Comm.*, 264 Or 574, 507 P2d 23 (1973), tells us that the proceedings before the city council to consider the zone-change application were, for some purposes at least, "quasi-judicial" in nature. In a "judicial" context, the general rule is that timely objection must be made to allegedly irregular procedures, and that if no objection is made, no claim of irregularity is thereafter cognizable. Should the same rule be applied in this "quasi-judicial" context—proceedings before a local governing body to pass upon individual land-use questions?

Such a holding would arguably strain the *Fasano* "quasi-judicial" analogy to the breaking point. It would amount to a holding that citizens supporting or opposing a requested land use proceed at their own peril unless they retain an attorney who will aggressively interpose any and all possible procedural objections. It would further convert the relatively informal meetings of city councils and county commissioners into something more akin to formal court room proceedings. And it must be remembered we

are establishing rules for both the largest, most metropolitan, and the smallest, most rural, communities in the state, some of which simply do not contain sufficient legal resources—to say nothing of financial resources—to convert every land-use determination into a formal trial.

But the present case is not one where there was a mere failure to object to procedural irregularity, that is, mere silence. Instead, plaintiffs affirmatively asserted one position before the city council, and now assert an inconsistent position before the courts.

Council members, Anderson, Campbell and McDonald did not attend the January 21, 1974 meeting that received evidence on the requested zone change. Under the terms of Section 2.393(9) all were barred from participating in the final decision unless and until it was established they had "reviewed the evidence" within the meaning of Section 2.393(9). On the eve of the final decision, however, plaintiffs through counsel objected *only* to a final decision being made in the absence of council member McDonald, who was ill. The claim that the city council should postpone a final decision until McDonald could be present is inconsistent with plaintiffs' present assertion that those council members who missed the January 21 meeting, including McDonald, were incompetent to participate in the final decision.

Plaintiffs' choice may well have been a tactical one. Throughout the many months of council meetings that preceded the final decision, McDonald had consistently supported plaintiffs' rezoning request in a series of close votes. Until the final close vote went against them, plaintiffs not only failed to object to Anderson, Campbell and McDonald participating in the decision, but, more importantly, plaintiffs affirmatively indicated a desire to have McDonald partici-

pate in the final decision. This election, made by parties consistently represented by counsel, is sufficient to amount to a waiver of the city council's apparent violation of the requirement of its own ordinance.

Reversed.