McEWEN et al, *Appellants,*

*v.*

## CLACKAMAS COUNTY BOARD OF COMMISSIONERS et al, *Respondents.*

(No. 76-12-204, CA 8735)

576 P2d 799

Walter T. Aho, Molalla, argued the cause and filed the brief for appellants.

Scott H. Parker, Clackamas County Counsel, Oregon City, argued the cause and filed the brief for respondent Clackamas County Board of Commissioners.

Gordon H. Price, Molalla, argued the cause and filed the brief for respondent City of Molalla.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is a writ of review proceeding challenging the action of the Clackamas County Board of Commissioners (the Board) granting a request by the City of Molalla for an Unzoned Area Development Permit allowing for construction of a municipal sewage treatment facility. The circuit court affirmed the order of the Board granting the permit request.

■ Plaintiffs contend for the first time in their brief on appeal that the Board failed to make adequate findings of fact in its order granting the permit. The plaintiffs' petition for writ of review was cast only in general terms, as the following pertinent excerpt indicates:

"In entering the Order of November 15, 1976, the Board of County Commissioners acted erroneously and without authority of law in that they:

"(1) Exceeded their jurisdiction;

"(2) Failed to follow the procedures applicable to the matter before it;

"(3) Made an Order not supported by reliable probative sufficient and substantial evidence; and

"(4) Improperly construed the applicable law to the injury of substantial rights of plaintiffs."

In the circuit court, the record reveals that the plaintiffs argued only that the Board's findings were not supported by substantial evidence and not that the Board findings were inadequate. The scope of the plaintiffs' brief exceeds the scope of their petition for writ of review as interpreted by plaintiffs themselves in the circuit court. We thus cannot consider the issue of the adequacy of the findings on appeal. *See Damascus Comm. Church v. Clackamas Co.,* 32 Or App 3, 13, 573 P2d 726 (1978).

■ Plaintiffs next contend that the absence of one county commissioner from the Board public hearing held on this matter and the commissioner's subsequent participation in the vote on the permit was improper. This contention was raised in argument in the circuit

court and may properly be considered here. The record indicates that, with the knowledge of petitioner, the absent commissioner, for the purpose of voting, listened to a tape recording of the public hearing before joining with the other two commissioners in granting the permit. The plaintiffs made no objection to the absent commissioner's participation in the actual voting in this proceeding until *after* the commissioner voted to grant the permit. Plaintiffs elected to abide by the procedure utilized by the Board and cannot now be heard to complain of it. *See Green v. City of Eugene,* 22 Or App 231, 538 P2d 368 (1975).

Affirmed.