Argued and submitted June 1, affirmed as modified, remanded with instructions
October 24, 1984

SIMPSON,
*Respondent,*

*v.*

SIMPSON et al,
*Appellants.*

(16-81-07117; CA A27838)

689 P2d 1040

Darst B. Atherly, Eugene, argued the cause for appellants. With him on the briefs was Atherly, Butler & Burgott, Eugene.

Paul D. Clayton, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

This action is one for an accounting and for dissolution of a partnership between brothers, Derril Simpson and Kerney Simpson.[1] The partnership property consisted primarily, but not exclusively, of real property. After stipulating to the valuation of the properties and of their respective interests in each property, the parties submitted to the court the issue of how the properties should be allocated. Accounting on matters other than the real property was postponed by mutual agreement. The trial court entered a "Final Order and Judgment and Final Decree" allocating the properties as recommended by plaintiff (Derril).

Defendant (Kerney) appeals, claiming that the trial court erred by denying him an opportunity to put on further evidence as to the real property and the issues the parties agreed to postpone. We review *de novo*, ORS 19.125(3); *Gleason v. Van Aernam*, 9 Or 343, 345 (1881); *Roesch v. Wachter*, 48 Or App 893, 895, 618 P2d 448 (1980), affirm the trial court's disposition of the real property, with one modification to reflect the parties' stipulations, and remand for further proceedings.

After this action was commenced, the parties, at a pretrial hearing on May 25, 1982, informed the court that they had reached a partial settlement. They signed a stipulation on September 1, 1982, which was incorporated by the trial court in an interlocutory decree on September 31, 1982. That decree listed the real property owned by the partners, and an agreed percentage of each parcel to be credited to each partner. All past expenses incurred and income received with respect to the real property were deemed to be accounted for and merged in those agreed percentages.[2] Unpaid taxes and taxes coming due after the agreement were to be paid "pro rata."

The interlocutory decree also provided for the

---

[1] The other defendants in this matter shared in Kerney's interest during part of the life of the partnership, but the existence of their interests does not affect the outcome of this appeal. For purposes of this opinion, we shall refer to Kerney as if he were the sole defendant and appellant.

[2] Although Kerney claims that the partnership owes his codefendant Steve Simpson an amount for improvements made to one of the parcels, that claim was settled when Steve Simpson signed the September, 1982 stipulation.

appointment of an appraiser to evaluate the real property and to recommend an equitable allocation of the parcels to compensate the parties for their respective percentage interests in each parcel. In the event that the parties were unable to agree on an allocation after receiving the appraiser's report, the issue of allocation was to be submitted to the trial court.

The stipulation did not provide for income received and expenses (other than taxes) incurred after September, 1982. It expressly reserved the disposition of personal property for further negotiation.

The appraiser's report established values for each parcel, and recommended an allocation. Both parties accepted the appraiser's evaluations of the parcels. On the basis of those evaluations and the stipulated percentages, they agreed on a total value of each partner's interest in the partnership. However, they were unable to agree on an allocation of parcels to approximate the agreed total value of each partner's interest, and submitted that issue to the trial court.[3]

In preparation for the hearing on that issue, each party submitted a recommended allocation. Derril recommended adoption of the appraiser's allocation, and a supplementary payment to Kerney to make the total value received by each party match the agreed total values of their interests. He proposed that the adjusting payment be due on sale of the property or by January 1, 1985, at the latest.

Kerney proposed a different allocation, and an immediate payment by him to Derril of an adjustment balance. He included in his proposal offsets for expenses incurred in improving one of the properties, and for some partnership personal property. He also raised the question of partnership income and expenses that had been received and incurred after the September, 1982, stipulation. He was particularly concerned that Derril would not pay the adjustment balance due under Derril's proposal, and that January 1, 1985, was too late for a non-interest bearing obligation to become due.

At the hearing on January 4, 1983, the parties reiterated their positions on the allocation of real property, and

---

[3] The parties also agreed to divide equally an amount owed to the partnership that had been omitted from the previous stipulation.

their disagreement as to how and when Derril should be required to pay Kerney any adjustment balance he might be found to owe. Both parties urged the court to allocate the property immediately. The trial judge took the matter under advisement and told the parties that he would decide later whether to hear further argument or testimony. On February 17, the court asked Derril's attorney to prepare an order using his recommended allocation and adjustment balance, but providing for payment of the balance simultaneously with the exchange of deeds to the real property. On February 24, counsel for Kerney asked the court to schedule a hearing for further testimony about the allocation, the personal property issues, and income received since the stipulation. No hearing was scheduled.

The "Final Order and Judgment and Final Decree" was entered on March 3, 1983. That decree reflects the agreed-upon property values, ownership percentages, and total values; allocates the properties as recommended by Derril, and provides for a simultaneous adjustment payment. However, it does not mention the parties' stipulation to prorate real property taxes or the allocation of personal property and post-stipulation income and expenses.

Kerney moved to vacate the judgment, and submitted an affidavit that summarized the evidence he would have presented had the court granted his earlier request for a further hearing. The court took no action on the motion, and this appeal followed.

■ First, we consider the unresolved matters of personal property and post-stipulation income and expenses. Derril claims that Kerney stipulated that those matters would never be heard by the court. Although the record does not tell us, apparently the court agreed. We do not believe that the stipulation went that far; rather, the parties agreed that those matters would be postponed in the hope that they could resolve them without judicial intervention. There is no evidence in the record that the parties did resolve those matters or that they agreed to dismiss them. Because we conclude that the trial court erred in not resolving those issues, the case must be remanded to complete the accounting.

■ Second, Kerney's contention that the trial court erred in dividing the real property without allowing him to

present all of his evidence is not well taken. All of the facts necessary to allocate the real property had been stipulated to by the parties, who also agreed that the court could make the allocation. Kerney contends, however, that the result might have been different had he been allowed a further hearing. For a number of reasons, he must be deemed to have waived and not to have preserved his right. At the final hearing, counsel for Kerney did mention that further evidence might be presented, but assured the trial court that the bulk of that evidence would relate to Kerney's objections to payment of the adjustment balance—that Derril would not pay it and that January 1, 1985, was too late for such a payment. The trial court was entitled to assume that such evidence would be unnecessary, because the decree met those objections by requiring Derril to pay the adjustment balance before he was entitled to receive his parcels of real property.

■ In the context of both counsel's repeated insistence that the court make an immediate decision, and the assurance that Kerney's further evidence related largely to the issue of payment by Derril, it was reasonable for the trial court to retain the option of dispensing with further testimony after reviewing the file. Counsel for both parties acquiesced in the court's determination that further testimony might or might not be required. Counsel for Kerney continued to hope for an immediate determination of the matter and did not object to the court's clear statement that further testimony might not be required. "[T]imely objection must be made to allegedly irregular procedures * * *." *Green v. City of Eugene,* 22 Or App 231, 233, 538 P2d 368 (1975).

■ Kerney later attempted to preserve the issue of further evidence by a letter to the court requesting a further hearing and by a motion to vacate the decree, but only after he had learned that the proposed decree did not embody his recommendation. Defendant complains that the court, as a substitute for taking further evidence, accorded the parties' proposals "testimonial value" and did not give him an opportunity to "cross-examine" Derril about the reasons for his recommendations. Derril's proposal and Kerney's Response to Plaintiff's Recommendations are pleadings, and, as such, constitute "judicial admissions" and "a limitation of the issues." *Borgert v. Spurling et al.,* 191 Or 344, 352, 230 P2d 183 (1951). The court was justified in treating areas of agreement

between the parties, as disclosed by their stipulation and proposals, as settled.

Although we affirm the trial court's allocation of the real property, we modify the judgment to add the following stipulated provision:

It is further ordered that in the event taxes are due or shall become due on any of the real property up to the time title is transferred, the parties shall share such taxes according to their respective percentage interest in each parcel.

Because the trial court erred in not completing the accounting, we remand for further proceedings.

Judgment relating to allocation of real property affirmed as modified; remanded to complete accounting with respect to personal property and income and expenses received and incurred after September 1, 1982.