Dear Representative Fretwell:
This opinion letter is in response to your question asking:
 Is it proper for a county recorder of deeds to charge a fee for a copy of a deed from a contractor who is preparing maps of the county to be used in preparing materials for use in the general reassessment of the county?
Section 59.310.3(2), RSMo Supp. 1982, states:
 3. Recorders shall be allowed fees for their services as follows:
. . . ;
 (2) For copying or reproducing any recorded instrument: a fee not to exceed $1.00 for each page; . . .
Generally the state and its agencies are not to be considered within the purview of a statute, however general and comprehensive the language used, unless an intention to include the state and its agencies is clearly manifest, especially where liabilities would be imposed on the state or its agencies. Hayes v. City ofKansas City, 362 Mo. 368, 374, 241 S.W.2d 888, 892 (1951); City ofPoplar Bluff v. Knox, 410 S.W.2d 100, 103-104 (Mo.App. 1966). Here, the issue is whether the same rule applies to government contractors.
In Paulus v. City of St. Louis, 446 S.W.2d 144 (Mo.App. 1969), the court dealt with the following factual situation. Paulus was the general contractor for the construction of a state hospital building. The land upon which the building was being constructed was owned by the State of Missouri. The contract between Paulus and the state provided that the contractor was to pay "all permits, licenses, certificates, inspections and other legal fees required by all applicable Municipal Ordinances and the State and Federal Laws." 446 S.W.2d at 147. A provision of the City's building code provided that no permit was to be issued except to the legal owner of the land and various other parties not relevant here. The court assumed that this provision applied to general contractors.
The court recognized the rule that the state's property is not subject to legislatively-imposed liabilities or regulation, unless the legislative intention to regulate or impose liabilities on the state's property is manifest or the state has waived its right to regulate its property. The court in Paulus found no such intention or waiver and concluded that the building permit fee should not be charged.
Records of the recorder of deeds are county records. Section109.270, RSMo 1978. However, copies of those records are not necessarily county property. The ownership of these copies is not a matter properly addressed in an Attorney General's opinion. If these copies are the property of the county, under the reasoning of the Paulus case, a liability or fee may not be imposed against one who contracts with the county regarding county property, unless a legislative intention to impose a liability on the county is clearly manifest or the county has waived its "immunity" from liability. Section 59.310.3(2), RSMo Supp. 1982, does not manifest a clear intent to impose fees on governmental entities, including counties. We are not aware of any applicable general waiver.
If these copies are not the property of the county, they may be the property of the state. In the situation you describe, the contractor obtained copies of the deeds in order to prepare maps for use in the general reassessment of the county. Reassessment is mandated by Section 137.750, et seq., RSMo Supp. 1982. Pursuant to Section 137.750.2, the state pays up to seventy-five (75) percent of the cost of reassessment. Thus, any fee paid by a contractor for county deeds would be absorbed in large measure by the state; the remaining cost would be absorbed by the county itself. While the recorder of deeds is authorized to charge a fee for copying, he may not do so here where the liability would be imposed upon the state or its subdivisions, of which a county is one, and where the intention to include the state and its subdivisions within the purview of the statute is not clearly manifest.
Therefore, it is the opinion of this office that Section59.310.3(2), RSMo Supp. 1982, does not impose fees on persons who contract with a county, if the copies made are the property of the county or state and if neither the county nor state have waived their rights not to pay such fees.
Very truly yours,
 JOHN ASHCROFT Attorney General