Argued and submitted December 4, 1995, reversed and remanded April 17, 1996

Feng-O CHANG,
Li-Ching Wang,
and Cheng-Chien Chen,
*Appellants,*

*v.*

CENTURY ORCHARDS, INC.,
an Oregon corporation,
Chi-Ti Kuo and Chiao An,
*Respondents,*

*and*

Shiao Yuan KUO,
*Defendant.*

CENTURY ORCHARDS, INC.,
an Oregon corporation,
Chi-Ti Kuo, Shiao Yuan Kuo
and Chiao An,
*Third-Party Plaintiffs,*

*v.*

Wen Yang HUANG,
*Third-Party Defendant.*

(920030CC; CA A85975)

915 P2d 425

B. Gil Sharp argued the cause for appellants. With him on the briefs was Jaques, Sharp, Sherrerd & Burke.

Thomas J. Greif argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiffs brought this action to establish the existence of a partnership for the purpose of purchasing and operating an orchard in Hood River County, to determine the assets of the partnership, to require an accounting for the partnership, and to dissolve it. The trial court entered judgment for plaintiffs, declaring that certain real and personal property were the assets of the partnership, establishing capital account balances for the partners, and ordering the dissolution of the partnership. Plaintiffs appeal, contending that the trial court erred in determining the assets of the partnership. We review the trial court's findings *de novo*, ORS 19.125(3); *Roesch v. Wachter*, 48 Or App 893, 618 P2d 448 (1980), giving substantial weight to its credibility findings, and reverse and remand.

In January 1990, Mt. Hood Orchards (MHO) in Hood River, Oregon, made available for purchase 146 acres of orchard land. On January 16, 1990, defendant Chi-Ti Kuo, a naturalized American citizen living in Seattle, and Chiao An, a resident of Taipei, Taiwan, and New York City, New York, purchased 40 acres of orchard land from MHO as tenants in common.[1] Wen Yang Huang and Jen-Chieh Huang were also unrecorded purchasers. Wen Yang Huang is an Oregon resident and has lived in Hood River since 1990. He had been a farmer in Taiwan, and it was originally his idea to acquire orchard land in Oregon. He contacted his friend An[2] with that purpose in mind, and An then contacted Kuo, who helped Huang locate the Hood River property. On March 6, 1990, Kuo and An formed a corporation, Century Orchards, Inc. (COI), for the purpose of operating the 40 acres and purchasing more acreage. The 40 acres were not transferred to the corporation, however.

The remaining 106 acres existed in three parcels of 56, 36 and 14 acres each. In July and August 1990, MHO and COI negotiated concerning the purchase of the full 106 additional acres and accompanying equipment. On October 23,

---

[1] Chi-Ti's sister was also a defendant below but is not a party to this appeal.

[2] For consistency, we refer to the parties as they have been referred to by the trial court and in the briefs.

1990, COI and MHO entered into a written agreement for the sale of the full acreage by MHO, for which COI paid earnest money of $20,000. The sale price for the 106 acres was $810,000, with $300,000 to be paid at closing and the balance of $510,000 to be paid in semi-annual installments of $35,090.75. The transaction was to close on December 31, 1990.

Simultaneous with the COI/MHO transaction, COI agreed to sell the 36-acre parcel to Cheng Fu Lo. Lo paid $20,000 to COI as earnest money. The total purchase price of the 36 acres was $320,000, with $150,000 down and the balance of $170,000 to be paid in semi-annual installments of $5,666.67. The sale to Lo was also to close on December 31, 1990, simultaneously with the closing of the COI/MHO transaction.

In late summer or early fall, 1990, An approached plaintiffs Feng-O Chen, Li-Ching Wang and Cheng-Chien Chen, also of Taiwan, for the purpose of seeking a purchaser for the 56-acre parcel. In late October or early November, the parties met in Taiwan to discuss the details of the investment. An told plaintiffs that the 56 acres could be purchased for $530,000. Plaintiffs were not interested in becoming sole owners of the property but proposed instead a partnership with COI, which COI accepted. Plaintiffs agreed to contribute $530,000 to the partnership, with $240,000 down ($150,000 for acquisition of the property and $90,000 for anticipated operating expenses) and the balance of $290,000 to be paid over 15 years with interest at 11 percent. There is no written partnership agreement. No deed or contract of sale was ever executed nor was any document ever prepared to reflect plaintiffs' interest in the partnership or in the 56 acres. Defendants never told plaintiffs that the 56-acre parcel was part of a larger orchard operation and never mentioned either the October 23 earnest money agreement or the intended transfer of 36 acres to Lo. In December 1990, plaintiffs wired their funds to COI.

The COI/MHO transaction closed on December 31, 1990, as did the COI/Lo transaction. There is no dispute that COI used $150,000 received from plaintiffs toward the

$300,000 down payment to MHO on COI's contract to purchase the entire 106 acres. The deed to the entire 106 acres was transferred to COI. Wen Yang Huang managed the 40-, 56- and 14-acre parcels as a single orchard operation. There is no dispute that funds were intermingled among those parcels.

In February 1992, plaintiffs traveled to Hood River. After inquiring, plaintiffs learned that $150,000 that they had wired to COI, intended for the acquisition of 56 acres, had been used by COI as part of the down payment for 106 acres of orchard land. They sought an accounting and a dissolution of the partnership.

At trial, the parties stipulated that there was a partnership between COI and plaintiffs to *acquire and operate* a 56-acre orchard. However, each party's evidence reflects its own disparate view of that stipulation. In plaintiffs' view, as indicated by the testimony of Chen, plaintiffs were invited by COI to purchase 56 acres of land owned by MHO, but the parties ultimately agreed that plaintiffs and COI would purchase the 56 acres as partners. Chen was not aware that COI had an agreement with MHO to purchase the entire 106 acres; defendants concede that they did not advise plaintiffs of that agreement. In plaintiffs' view there would be one transaction: the purchase of 56 acres by plaintiffs and COI as partners.

In defendants' view, COI acquired its interest in the full 106 acres on October 23, 1990, before the partnership came into existence, and the money sent by plaintiffs to COI was for the acquisition of an interest in the partnership. Plaintiffs contend that the full acreage was acquired by COI after the partnership had been formed and that, because partnership funds were used to acquire the property without disclosure by COI of the full extent of the purchase, the partnership assets consist of the full 106 acres, subject to the Lo contract. ORS 68.130(2).[3] Additionally, relying on ORS 68.340(1)[4] and cases describing the fiduciary duties of partners, *Oswald v. Leckey*, 280 Or 761, 572 P2d 1316 (1977);

---

[3] The statute provides:

"(2) Unless the contrary intention appears, property acquired with partnership funds is partnership property."

[4] ORS 68.340(1) provides:

*Delaney v. Georgia-Pacific, Corp.*, 278 Or 305, 564 P2d 277 (1977); and *Starr v. International Realty*, 271 Or 396, 533 P2d 165 (1975), plaintiffs contend that COI's lack of disclosure to the partners of the full transaction with MHO and its use of partnership funds for that purchase constitute a breach of COI's duties of loyalty, good faith, fair dealing and full disclosure, entitling plaintiffs to an interest in profits from the full transaction.

We conclude that, at the time the partnership was formed, COI had not yet *acquired* the 106 acres. Its earnest money agreement with MHO gave it merely a right and an obligation to acquire the property. It satisfied that obligation after the formation of the partnership and in part with partnership assets without first disclosing to plaintiffs that their money was being used to acquire a parcel larger than 56 acres and that defendants would profit from the transaction. As the Supreme Court said in *Starr*,

> "[o]ne of the fundamental duties of any partner who deals on his own account in matters within the scope of his fiduciary relationship is the affirmative duty to make a full disclosure to his partners not only of the fact that he is dealing on his own account, but all of the facts which are material to the transaction." 271 Or at 403.

It is of no moment that plaintiffs were not obligors on the earnest money agreement between COI and MHO. When COI closed its transaction with MHO, it acted on behalf of the partnership but also dealt on its own account. COI earned a profit on the transaction without disclosure to plaintiffs; we conclude therefore, that pursuant to ORS 68.340(1), COI must account to the partnership for any benefit, and hold as trustee for it any profit, derived from the COI/MHO transaction without the consent of the partners. Further, pursuant to ORS 68.130(2), we conclude that, because the full 106 acres was acquired with partnership assets without disclosure to plaintiffs, the full 106 acres became a partnership asset.

---

"Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by the partner without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by the partner of its property."

Plaintiffs request that we adopt an alternative accounting relating to the full 106 acres. They do not explain, however, how all the adjustments that were made by the trial court would be affected by that determination, and we are not persuaded that they are unaffected. Accordingly, we remand the case to the trial court for it to redetermine plaintiffs' share of the profits and property in the first instance.

Reversed and remanded.